ALTHEA M. DEVECMON, JOHN SEMMES DEVECMON, and others *vs.* ALEXANDER SHAW and CHRISTIAN DEVRIES, Executors of JOHN S. COMBS.

*Construction of Will—Fee simple Estate—Absolute interest in Personalty — Happening of Contingencies — Executory Devise and Bequest— Contingent remainder — Trusts— Duty of Trustees—Income—Corpus of the Estate—Re-nunciation by Widow—Residue—Bill to construe Will— Sale of Realty to secure Dower interest—Premature de-cision—Reversal.*

A testator, after providing for his wife, and after certain devises and bequests to his daughter without limitation or restriction, added this provision: "But in case my said daughter should die without leaving any child or children at the time of her death, or if leaving such child or children, such child or all such children should die before arriving at the age of twenty-one years, then all the real estate and personal estate devised to my said daughter shall go to my sister Althea M. Devecmon, and her children and grand-children then living, in equal proportions; such grand-children to stand in the place of their deceased parents." HELD:

That the daughter took a fee simple estate in the realty, and the entire interest in the personalty, defeasible as to both realty and personalty on her dying without leaving a child, or if she left child or children, upon their all dying before attaining the age of twenty-one years; and upon the happening of such con-tingencies, the ultimate devisees and legatees would take by way of executory devise and bequest, and not by way of contingent remainder.

A testator confided to L. as trustee for his daughter, the manage-ment and control of the real estate devised to her, until she attained the age of twenty-one years, or until her death, if she should die before attaining that age; and he entrusted to two other persons the exclusive powers of collecting and investing and re-investing the entire income of the estate arising under the de-

vises and bequests to her, after applying what was necessary to defray the expenses of the trust, and for the support and education of the daughter.   HELD :

That it was the duty of L. to pay over to the other trustees the net rents and profits derived from the real estate.

Under a will devising real estate in fee, and bequeathing personal estate absolutely to the testator's daughter, subject to certain future contingencies, the entire income from the estate prior to the happening of the contingencies which may give effect to the devise and bequest over, consisting of the rents and profits of the realty, and the interest and dividends from the personalty, will belong absolutely to the daughter and those who take under her, and it becomes the duty of the trustees in the making and changing of investments to keep the income separate and distinct from the original capital of the estate.

Where the widow of the testator renounces the specific devises and bequests in her favor, and elects to take under the law, the property so devised and bequeathed falls into the residue of the estate, to be administered and disposed of as directed by the will, subject, however, to the rights of the widow under the law.

As to the residuary disposition of the estate, the effect of such renunciation is to produce an intestacy as to the one-third of the residue of the real and personal estate of the deceased devised to the widow, and said one-third, subject to the legal rights of the widow therein, vests in the testator's daughter, as heir-at-law and distributee, absolutely, as being undisposed of estate by reason of the renunciation of the widow.

A widow who renounces the devises and bequests made to her by the testator in lieu of dower, cannot, by an application in her answer to a bill filed by the executors for the purpose of obtaining a judicial construction of the will, obtain a decree for the sale of the real estate left by the testator, free and clear of dower, to the end that she may get her dower interest out of the proceeds.   The widow, with the view of obtaining in money the equivalent of her dower right in the realty, is not the proper party to ask for the sale of the real estate of which her husband died seised.   The proper proceeding for such purpose is by an original, in the nature of a supplemental, bill, and it must be alleged, and be made to appear, according to the provisions of the Act of 1868, ch. 273, that a sale will be advantageous to the parties concerned.

Devecmon, *et al. vs.* Shaw and Devries. Ex'rs.

On a bill filed to obtain the construction of will, a decision prematurely pronounced as to the rights of parties upon the happening of certain contingencies, will not be reversed where the appellants themselves sought to have the question decided both in the lower Court and in the Court of Appeals.

APPEAL from the Circuit Court for Alleghany County, in Equity.

This is an appeal from a decree of the Court below, passed in a cause instituted in said Court by the appellees, executors and trustees under the will of John S. Combs, for the purpose of obtaining a judicial construction of certain provisions of said will, and of their powers and duties as such trustees, and asking for an administration of the estate, and of the trusts under the direction of the Court. The testator having devised and bequeathed certain portion of his estate, both real and personal, to his wife and daughter, and devised a house and lot to a nephew, and given pecuniary legacies to certain persons named, disposed of the residue of his estate by the following clause: "I direct and empower my executors hereinafter named, to dispose of all real and personal property not otherwise herein disposed of, to the best advantage as shall in their judgment appear, and the proceeds to divide between my wife, Wilhelmina J. Combs, and daughter, Althea Louisa Combs,—one-third to my said wife, and two-thirds to my said daughter." By agreement of counsel, the case was submitted upon bill, answers and exhibits, and printed briefs of counsel, to Chief Judge ALVEY for determination.

The Chief Judge subsequently delivered the following opinion:

This case in its present stage has been submitted on briefs of counsel, for the purpose of obtaining a judi-

cial construction of the last will and testament of the late John S. Combs, deceased, with respect to certain questions supposed to be of doubtful solution.

The testator was the owner of a considerable estate, both real and personal, and he left surviving him a daughter, Althea Louisa Combs, his only child and heir-at-law, who is still a minor, and his widow, Wilhelmina J. Combs, who is still living.

By the will, after giving some pecuniary legacies to certain persons named, and devising a house and lot as a law office, and its contents, in the City of Cumberland, to his nephew, the testator makes provision for his wife, by devising and bequeathing to her absolutely, certain portion of his estate, both real and personal. This provision made for the widow she has renounced, and elected to take such portion of the estate as the law allows her to take.

The testator, after thus providing for his widow, proceeds to dispose of the great bulk of his estate in favor of his daughter. He devises to her certain described parcels of real estate, generally, without words of limitation; and then, in the same clause of the will, he gives her certain moneys, bonds and stocks, by general words of gift, without limitation or restriction. But at the end of the paragraph of his will, containing these devises and bequests, the testator adds this provision: "But in case my said daughter should die without leaving any child or children *at the time of her death,* or if leaving such child or children, such child *or all such children* should die before arriving at the age of twenty-one years, then all the real estate and personal estate devised to my said daughter shall go to my sister, Althea M. Devecmon, and her children and grandchildren then living, in equal proportions; such grandchildren to stand in the place of their deceased parents."

As will be observed, this devise over, upon the contingencies mentioned, includes both the real and personal estate given to the daughter, and there can be no question of the validity of this limitation over.

1. On the part of Mrs. Devecmon and her children, it is contended that the daughter of the testator takes but a life estate in the property given her by this clause of the will; while on the part of the daughter it is contended that she takes a fee simple estate in the realty, and the entire interest in the personalty; but as to both realty and personalty, the estates so taken *are defeasible* on her dying without leaving a child, or if she leave child or children, upon their *all* dying before attaining the age of twenty-one years.

It is not perceived how it can be a matter of importance to Mrs. Devecmon and her children, whether the testator's daughter takes but a life estate, or a fee simple defeasible estate in the property.

The devise and bequest over can only take effect upon the happening of the contingencies mentioned; and whether the subject-matter of the devise and bequest over shall come to the devisees and legatees by way of remainder, rather than by way of executory devise or bequest, would seem to be a matter in which they could have no special interest—certainly none of a substantial nature. If the testator's daughter takes but a life estate, as contended for on behalf of Mrs. Devecmon, then, so far as the realty is concerned, the daughter, and after her death, if she die leaving child or children, her heirs-at-law would take the reversion by way of inheritance, subject to be divested upon the happening of the contingencies provided for in the will; and in such case the ultimate devisees would take by way of contingent remainder.

And so with respect to the personalty, the child or children of the daughter, after her death, would take

as distributees the interest or income of the personalty until the happening of the contingencies, or until one of her children should attain the age of twenty-one years, when the possibility of the contingency happening would cease. Whereas, if the first devisee and legatee takes an estate in fee in the realty, and the entire interest in the personalty, both defeasible upon the happening of the contingencies mentioned, the ultimate devisees and legatees would take by way of executory devise and executory bequest, and not by way of contingent remainder.

Upon consideration of the whole context of the will, I can entertain no doubt of the opinion, that the daughter was intended to take, and that she does by fair construction take, an estate in fee in the realty, and the entire interest in the personalty, defeasible as to both realty and personalty upon the happening of the contingencies specified. The daughter was doubtless the principal object of the testator's care and bounty, and we may suppose that it was his purpose to secure to the daughter, and her children, the full enjoyment of the property given to the daughter. He intended to dispose of his entire estate, and he never for a moment contemplated the possibility of a state of intestacy as to any part of his estate, or for any duration of time. But if the daughter takes but a life estate, as contended, there would be an intestacy as to the reversion, subject to the happening of the contingencies mentioned, and if the daughter was to die leaving child or children, none of whom had obtained the age of twenty-one years, the state of intestacy would continue, and the property would devolve upon the children as heirs-at-law and distributees, taking or claiming *through* the mother, subject to be divested upon the happening of the contingencies provided for in the will. This, it is clear, would be the case unless

the child or children left by the daughter could take as devisees or legatees by implication under the will. But it is quite clear that the children the daughter may have can take nothing as devisees or legatees under their grandfather's will. All interest that they could take in the property must be derived through the mother. They are merely mentioned in the description of the contingency on which the property, both real and personal, shall go over to Mrs. Devecmon and her children; and, in such case, it is clear they could take nothing by implication. *Weakley vs. Rugg,* 7 *Durnf. & East,* 322; *Doe, dem. Barnfield vs. Wetton,* 2 *Bos. & P.,* 324, 328; *Cooper vs. Pitcher,* 4 *Hare,* 485; 2 *Pow. Dev., side p.,* 212; 2 *Jarm. on Wills,* (*5th Am. Ed. by R. & T.,*) 146.

In regard to the realty devised to the daughter, if, instead of the general terms employed, the devise had been to her and her heirs, or to her in fee simple, by express terms, there could have been no room for the least doubt as to the nature of the estate taken by the daughter. But the Act of 1825, ch. 119, Art. 93, sec. 305, of the Code, has declared that, in every will devising real estate, where no words of perpetuity or limitation are used, "the devisee shall take under and by virtue of such devise, the entire and absolute estate and interest of the testator in such lands or real property, unless it shall appear by devise over, or by words of limitation or otherwise, that the testator *intended to devise a less estate and interest.*" Now it is true the testator did not intend to devise his entire indefeasible estate in the property mentioned to his daughter, in all events; but, as I think, it is manifest he intended it to vest in his daughter, with the contingent limitation over. That limitation is in no way inconsistent with the devise of a fee simple estate to the daughter; and the limitation over, therefore, does

not furnish the least evidence of an intention to give to the daughter a less estate than a defeasible fee simple. And if the daughter takes a fee simple estate in the realty, there can be no good reason suggested why she does not, in like manner, take the entire interest in the personalty, subject to the contingencies specified.

2. With respect to the trusts created by the will, for the benefit of the daughter, little need be said. The trustees do not take estates in the property confided to their care, but only powers of management and control. To Mr. Lowndes is confided the management and control of the real estate devised to the daughter, and that trust will continue until the daughter attains the age of twenty-one years, or until her death, if she should die before attaining that age. The net rents and profits derived from such real estate he will be required to pay over to the other trustees, Messrs. Shaw and Devries, who are entrusted with the exclusive powers of collecting and investing and reinvesting the entire income of the estate after applying the necessary amounts to defray the expenses of the trust, and for the support and education of the daughter. This latter trust will also continue until the daughter attains the age of twenty-one years, or until death, if she should die under that age. All the income from the estate prior to the happening of the contingencies which may give effect to the devise and bequest over, consisting of the rents and profits of the realty, and the interest and dividends derived from the personalty, will belong *absolutely* to the daughter, and those who take under her, and will be in no manner subject to or affected by the happening of the contingent events contemplated by the will—as the devise and bequest over can operate only upon the *corpus* of the estate as left by the testator. *Worthington and Hicks vs. Mc-*

*Pherson,* 5 *Gill,* 51. Therefore, it will be necesssry in the making and changing of investments that the income be kept separate and distinct from the original capital of the estate.

What action may be proper to be taken by the Court, after the termination of the trusts created by the will, for the protection of the rights of those who may take under the limitation over, it is not now necessary to determine. The parties in interest will be at liberty to apply to the Court for its action at the proper time, and as circumstances may require.

3. The widow of the testator having renounced the devises and bequests in her favor, and elected to take under the law, such devises and bequests, so far as she is concerned, utterly fail of effect, and the property intended to pass thereby remains as if no such devises and bequests had been made. Nor does such renunciation affect other devises and legacies, except as they may be diminished by the award to the widow of her legal portion out of the estate. *Darrington vs. Rogers,* 1 *Gill,* 403; *McElfresh vs. Schley and Barr,* 2 *Gill,* 203; *Hanson and Wife, et al. vs. Worthington, et al.,* 12 *Md.,* 438. The specific property intended to pass to the widow under the will, by her renunciation, became subject to the power of sale vested in the executors, as part of the estate not otherwise disposed of. In other words, such property fell into the residue of the estate, to be administered and disposed of as directed by the will. And I am clearly of opinion that the effect of such renunciation is to produce an intestacy as to the one-third of the real and personal estate of the deceased, embraced in and operated upon by the residuary clause of the will; such one-third being the portion of such residue given to the widow. This one-third of all that constitutes the residue of the estate, in the events that have happened, passes to the daugh-

ter of the deceased, as heir and distributee, *absolutely,* as being undisposed of estate, by reason of the renunciation of the widow. This one-third of course, like the other portions of the estate, is subject to the rights of the widow under the law. Of this I think there can be no doubt.

4. The widow, in her answer, has asked that the real estate left by the testator may be sold, free and clear of dower, to the end that she may get her dower interest out of the proceeds. But I am clearly of opinion that it would be entirely irregular, if not altogether illegal, to proceed to decree a sale of the real estate upon such an application. The bill was not filed for the purpose of obtaining a decree for sale, and it contains no allegations to warrant such a decree. Moreover, the widow, with the view of obtaining in money the equivalent of her dower right in the realty, is not the proper party to ask for the sale of all the real estate of which her husband died seized. If it be thought desirable that the real estate should be sold, for the interest of all concerned, it will be necessary that an original, in the nature of a supplemental bill, be filed, with proper averments to bring the case within the provisions of the Act of 1868, ch. 273. That Act makes special provision for such case as this, but it must be alleged, and be made to appear by proof, that a sale will be advantageous to the parties concerned. (See the case of *Newbold vs. Schlens and Wilkens,* 66 *Md.,* 585.)

It does not appear to be necessary at the present stage of the proceedings, that any other question be passed upon by the Court. It will be time enough to determine other questions as they actually arise. I will sign any proper decree that may be prepared to give effect to the foregoing opinion.

Devecmon, *et al. vs.* Shaw and Devries, Ex'rs,

The following is a part of the decree which was afterward signed by Chief Judge ALVEY:

"It is this twenty-ninth day of May, 1888, adjudged, ordered and decreed by the Circuit Court for Alleghany County, in Equity, for the reasons set forth in the opinion of the Court filed in the cause, that so much of the real estate of the testator, John S. Combs, as is devised by his will to his daughter, Althea Louisa Combs, became and is vested in said Althea Louisa Combs, in fee, and that said fee simple estate is subject to be defeated by the death of said Althea Louisa, without leaving a child or children at the time of her death, or in case she shall die leaving a child or children her surviving, by the death of such child or of all such children under the age of twenty-one years. And as to the personal estate bequeathed by said testator to his said daughter, Althea Louisa Combs, it is adjudged and decreed that the entire estate therein passed to said Althea Louisa Combs, subject to be defeated by the happening of either of the contingencies above mentioned.

"And it is further adjudged, ordered and decreed, that upon the death of said Althea Louisa Combs, without leaving any child or children at the time of her death, or in case she leaves a child or children, upon the death of said child or children under the age of twenty-one years, the real and personal property devised and bequeathed to said Althea Louisa Combs, is given and shall pass by way of executory devise and bequest to Mrs. Althea M. Devecmon, sister of the testator, and to her children and grandchildren, to stand in the place of their deceased parents.

"It is further adjudged, ordered and decreed, that upon the renunciation of the widow of the testator, all the property, real and personal, specifically devised and bequeathed to her, fell into and became part of

the residue of the estate of the testator, subject, like all the rest of his estate, to the legal rights of the widow in and to the same.

"It is further adjudged, ordered and decreed, that by reason of the renunciation of the testator's widow, an intestacy was created as to the one-third of the residue of the estate devised to her, and that the said one-third of said residue, subject, like all the other part of his estate, to the legal rights of the widow therein and thereto, is vested absolutely in the testator's daughter, Althea Louisa Combs, as heir-at-law and distributee of the testator, free from any of the provisions of the will, and not subject to the conditions thereof, nor to the control of the trustees therein appointed.

From this decree the present appeal was taken.

The cause was argued for the appellants before MILLER, STONE, ROBINSON, IRVING, BRYAN, and McSHERRY, J., and submitted for the appellees.

*John Semmes Devecmon,* for the appellants.

The decree, with respect to all matters and questions raised in the cause and decided therein by the decree, ought to be certain and free from all ambiguity and doubt, because a final decree must adjudicate the whole matter, 6 *G. & J.,* 204; and if a decree be uncertain and ambiguous it must be reversed, and must be made certain and unambiguous, because the decree must determine the rights and liabilities of all parties. *Contee vs. Dawson,* 2 *Bland,* 292, *and Hurtt vs. Crane,* 36 *Md.,* 31. Now it is contended here that this decree must be reversed, because it is uncertain, indefinite and ambiguous for this reason, namely: It does not decide and does not determine at what period of time the devises and bequests given to the devisee must vest indefeasibly and absolutely, that is the said decree

Devecmon, *et al. vs.* Shaw and Devries, Ex'rs.

does not decide and does not determine when the limitation over, by way of executory devise in favor of the appellants in this cause, is extinguished and destroyed. Although the opinion of the Court, technically speaking, forms no part of the decree from which an appeal is taken, it is however here insisted that this decree makes the opinion a part of the decree, because the decree refers to the opinion and says "it is now adjudged, ordered and decreed, for the reasons set forth in the opinion of the Court filed in the cause;" and as the decree professes to be based on the opinion of the Court, the opinion therefore necessarily becomes a part of the decree, and the decree should therefore conform to the opinion; and if it does not conform to the opinion, but is different from and at variance with it, an uncertainty and ambiguity is created in it, which uncertainty and ambiguity might, in the future, cause a difference of opinion and lead to controversies which could only be finally determined by a bill of review. *Story's Eq. Pleading, 8th Ed., sec.* 403; *Barroll's Eq. Prac.,* 379 *and* 380.

What is this uncertainty and ambiguity in the decree? The uncertainty and ambiguity in the decree is this: In the opinion of the learned Judge deciding this case it is stated that the period fixed by the will for the indefeasible vesting of said estate, is the arrival of a child of devisee at twenty-one, meaning thereby that if the devisee should have a child or children the contingency would cease, and the estate would vest indefeasibly in devisee herself during her life-time on the arrival of the first child of devisee at twenty-one, that is as soon as a child of devisee succeeded in reaching twenty-one, while the appellants contend that the devisee has but a life estate, and that this estate will never vest indefeasibly in devisee herself in her life-time, but must so vest in devisee's child or

children after the death of devisee, and the arrival of her last and youngest child at twenty-one.

In the decree the language of the will is followed, and the language of the opinion being different from and at variance with the language of the will and decree, an uncertainty and ambiguity is created, and on account of this variance the settlement and adjudication of the question, when will this estate vest absolutely and indefeasibly, and in whom will said estate so vest, is left still open and undecided in this decree. That is, does this decree provide that this estate shall vest in devisee herself, as stated in the opinion, as soon as a child of devisee reaches twenty-one; or does the decree, following the language of the will and containing the same words as the will, provide that this estate shall never vest in devisee herself, but will vest in devisee's child or children when *all children of devisee reach twenty-one*, the period, as the appellants contend, expressed in the will. This, the appellants contend, constitutes the uncertainty and ambiguity in this decree, and this decree must, for this reason, be reversed, and remanded in order that the period for the complete and indefeasible vesting of the estate may be fixed by said decree, so that said decree may be made certain, definite and positive.

The limitation over, by way of executory devise to the appellants, having been held to be good, and the widow's application for sale of the realty for the purpose of obtaining her share of money in lieu of dower, having been dismissed, the questions presented to this Court for its decision are these two, namely: First. What estate does the devisee and legatee Althea Louisa Combs take under this will ? *i. e.*, does the devisee take an estate for life with a contingent remainder to her unborn children after it, the said contingent remainder, to become a vested remainder on the birth of a child,

subject, up to and until the death of the devisee, to open and let in after-born children, and to vest indefeasibly in the child or children, of devisee, that may be *in esse* when the last and youngest child of devisee arrives at the age of twenty-one years; subject, all this time, to the valid limitation over, by way of executory devise, to these appellants as they, the appellants contend? Second. Does the devisee Althea Louisa Combs, take an estate, in fee simple defeasible, to vest indefeasibly in devisee herself, in her life-time, immediately on the arrival of a child of devisee at twenty-one years of age, as stated, or rather intimated, by the learned Judge in his opinion? It is, however to be here noted that the decree does not follow the words of the opinion, but does follow and does contain the words of the will, the decree at the same time stating that it is adjudged, ordered and decreed, for the reasons set forth in the opinion of the Court, filed in the cause. All this constitutes an uncertainty in this decree and makes its reversal necessary in order that the said decree may be reformed and may be made certain, definite and positive.

*Lloyd Lowndes, Thomas W. Hall,* and *Charles Marshall,* for the appellees.

The appellees content themselves with asking an affirmance of the decree appealed from, for the reasons and upon the authorities stated in the opinion, upon which it is based.

In support of the main proposition, that the estate devised to the daughter, without restrictive words of any kind, and without words of limitation or perpetuity, is, by the law of Maryland, a fee simple estate, defeasible upon the happening of certain contingencies at the time of, or subsequent to, her death, they cite the following additional Maryland cases: *Mason vs. Johnson, et al.,* 47 *Md.,* 348, 356; *Estep and Shaw vs. Mackey,* 52 *Md.,*

599; *Fairfax vs. Brown*, 60 *Md.*, 50, 56–7; *Gambrill vs. Forest Grove Lodge*, 66 *Md.*, 17, 25; *Dallam vs. Dallam*, 7 *H. & J.*, 220; *Hilleary vs. Hilleary*, 26 *Md.*, 288.

The whole question, so far as the interest of the appellants is concerned, is, as suggested in the opinion of the Court, rather a technical than a practical one, as until the happening of one of the contingencies mentioned, they take nothing under the devise and bequest over, and it is, therefore, really of no practical importance to them, whether the daughter's estate be a life estate or a fee simple estate defeasible, or whether the subject-matter of the devise and bequest over comes to them by way of remainder, or by way of executory devise.

The questions raised as to the functions of the trustees under the will, seems too plain to require discussion. And so with respect to the interest of Miss Combs, in the income of the estate, accumulated or invested in the hands of the trustees, prior to her arriving at the age of twenty-one. The devise and bequest over in favor of the Devecmons can operate only upon the *corpus* of the estate as left by the testator, and not upon any accumulations or investments of income, either before or after Miss Combs' arriving at age. So with respect to the effect of the widow's renunciation, it is unnecessary to do more than refer to the cases cited in the opinion. *Darrington vs. Rogers*, 1 *Gill*, 403; *McElfresh vs. Schley*, 2 *Gill*, 203; *Hanson vs. Worthington*, 12 *Md.*, 438.

McSHERRY, J., delivered the opinion of the Court.

The record now before us brings up for review a decree of the Circuit Court for Alleghany County, construing the will of the late John S. Combs. The opinion filed by Chief Judge ALVEY in the Court below.

is full, clear and satisfactory, and nothing we might say could add to its conclusiveness. We accordingly adopt that opinion as our own. It is, however, necessary to notice a question raised in the argument in this Court. It was suggested that the part of the decree which determines that the daughter of the testator took a fee in the realty devised, and an absolute interest in the personalty bequeathed to her, defeasible upon the happening of the contingencies mentioned in the will, ought to be reversed because prematurely passed, inasmuch as no one of those contingencies has yet come to pass. In support of this the case of *Heald vs. Heald, et al.*, 56 *Md.*, 300, and the case of *Woods, et al. vs. Fuller, et al.*, 61 *Md.*, 457, have been referred to. The application of the doctrine announced by these cases depends to some extent upon the circumstances under which it is invoked. In the first of these cases it was said: "If there is no matter in dispute, and the application is to do nothing more than *to declare future rights*, in such a case Courts will not entertain jurisdiction." But as there was an application by a trustee under a will, seeking the aid of the Court "to instruct him as to his duties and to protect him in the discharge of them," the bill was entertained, and the Court proceeded to construe the will and to determine the rights of the parties thereunder. The second case arose upon a bill filed by executors, and the Court dismissed it because there were no questions presented apart from the ordinary ones incident to every administration, which the Orphans' Court was the proper tribunal to pass upon. This last case is broadly distinguishable from the one at bar; and the first one, under the conditions there existing, is an authority sustaining the converse of the proposition contended for by the appellants in this case.

By the will of Mr. Combs there were trustees appointed to collect the rents and income from the real

and personal estate given to his daughter. These trustees are charged with certain duties in regard to the investment and disbursement of the trust funds; and desiring to have the guidance and direction of the Court in the discharge of those duties, they filed the bill now before us. Every person interested, in any way under the will, in the estate was made a party; and the question chiefly discussed was whether Althea Louisa Combs, the daughter, took only a life·estate or a defeasible fee under the will. It is true the Court might have declined to consider that question, but the appellants having themselves sought a construction of this part of the will, in the Court below; and having on this appeal elaborately argued that the conclusion reached by the Circuit Court is erroneous; they are scarcely in a position to ask this Court to reverse that portion of the decree, if it be otherwise correct, merely because it was prematurely passed. They had the undoubted right to insist in the Circuit Court, that the proper time for deciding what estate the daughter took had not arrived; but they relied upon no such defence. On the contrary, they submitted all their rights to the Court, and, by their own contention, invited a construction of that clause of the will. They have done the same thing in this Court; but they insist here, that if this Court should agree with the Circuit Court's construction, they arc entitled to a reversal, upon the ground that the very question which they sought a decision upon ought not to have been decided at all. They have taken in both Courts whatever chance they supposed there was to secure a construction favorable to themselves. They did this with full knowledge that the contingencies, upon the happening of which, they would, under the will, be entitled to the property, had not occurred; but as the decision was adverse to them on the merits, they ask us, if we concur in the

Circuit Court's interpretation of the will, to reverse the decree, because they were wrong in consenting that the Court should, in anticipation of those contingencies, pass upon those merits, and the Court was wrong in acceding to their request.    No Court can sanction any such practice as that.

For the reasons set forth in the opinion of Judge ALVEY, we shall affirm the decree with costs.

*Decree affirmed, with costs.*