(Decided 13th January, 1893.)

MARY B. BACKUS, and others *vs.* THE PRESBYTERIAN ASSOCIATION OF BALTIMORE CITY, and others. JOHN C. B. PENDLETON and MARIA L. PENDLETON *vs.* SAME.

*Construction of Will—Estate devised and Bequeathed—Defeasible estate—Executory devise and Bequest—Scope of the Word "estate"—Construction of Act of 1825, ch. 119, (Code, Art. 93, sec. 314,) relating to Devises without Words of Perpetuity or Limitation—Equitable estate—Construction of Word "children"—Termination of Trust.*

A testator died in 1884, and left surviving him, a widow, one unmarried daughter, M., and two infant grandchildren, the children of a deceased daughter. By the eighth clause of his will the testator devised and bequeathed all the rest and residue of his estate to his wife during her natural life; and then by the ninth clause he devised as follows: "Should my wife die before me, and at her death after me, I devise and bequeath three-fifths of the said rest and residue of my estate to my daughter M., she to select as her absolute property any of my furniture and household effects not otherwise designated; should she die before me and my wife, or die having no issue living at the time of her death, and without a will disposing of said three-fifths, then I devise and bequeath two-fifths of my daughter's said three-fifths to form a part of the residue of my estate for my grandchildren, (naming them) upon the same trusts and limitations, and to the same trustee, as the trust hereinafter in this will devised in trust for said grandchildren." The other one-fifth he devised over to certain charitable and religious institu-

tions named in said clause of the will. By the tenth clause of the will the testator devised and bequeathed as follows: "The remaining two-fifths of said rest and residue of my estate, after my daughter's said three-fifths, I devise and bequeath to the Safe Deposit and Trust Company of Baltimore, in trust as to one of said two-fifths for my grandson, he to receive the clear rents, issues and income, until he arrives at the age of thirty years, at which time the said share shall vest in him free of said trust; and in trust as to the other one-fifth for my granddaughter, she to receive the clear rents, issues, and income until she arrives at the age of thirty years, at which time said share shall vest in her free of said trust, the said trustee to manage the said estate devised in trust, and collect the rents and income, and pay over the net rents and income to said grandchildren, or their guardians while minors. * * * Should either of my said grandchildren die without leaving children living at the time of their death, the share of the one so dying shall pass to the survivor under the same trusts and limitations. Should both die without issue living at the time of their death respectively, then in such event I devise as follows." Then follows a devise over by which a legacy of $10,000 is given to the father of the two grandchildren of the testator, and the residue of the portion devised to the grandchildren is devised to the daughter M , and if she should die without leaving issue living at the time of her death, and without a will, the testator devised all the rest and residue of his estate to his brother J. and his heirs. Upon a bill filed to obtain a construction of said will, it was HELD :

1st. That the daughter took under the ninth clause of the will a fee simple estate in the realty, and an absolute estate in the personalty devised and bequeathed to her, defeasible upon her dying without leaving issue living at the time of her death, and without disposing of said estate by will.

2nd. That the dying without leaving issue living at the time of her death, and without disposing of said estate by will, were two events that must concur in order to defeat the preceding devise in fee and absolute estate, and give effect to the devise over.

3rd. That upon the happening of these two concurrent negative events, the devise and bequest over would take effect as an executory devise and bequest.

4th. That if the word "estate" employed in the devise was not sufficient to carry to and vest in the daughter a fee-simple estate,

as being equivalent to words of limitation of that estate in-respect to the realty, the statute of 1825, ch. 119, appearing in the Code as sec. 314 of Art. 93, would certainly have that effect; it providing that "in every will whereby any lands or real property shall be devised to any person, and no words of perpetuity or limitation are used in such devise, the devisee shall take under and by virtue of such devise the entire and absolute estate and interest of the testator in such lands or real property, unless it shall appear by devise over, or by words of limitation or other-wise, that the testator intended to devise a less estate and interest."

5th. That said statute does not in any manner change the con-struction of devises of real estate, in regard to the nature and extent of the estates devised, except in so far as it changes the common-law rule, that an estate given by a general devise with-out words of perpetuity or limitation, conferred a life estate only, will, by the statute, confer the entire and absolute estate and interest of the testator; and in such general devise it is in-cumbent on those who contend that a less estate was intended to pass, to show such intention by clear deduction from other parts of the will.

6th. That with respect to the devise and bequest made by the tenth clause of the will for the benefit of the two grandchildren, the same construction must be adopted as that applied to the ninth clause, so far as the quality of the estate vested in the trustee was concerned; and by force of the word "estate," as applied to both real and personal property, and by force of the statute, as to the realty, the entire and absolute estate of the testator, disposed of by said tenth clause, passed to and became vested in the trustee therein named for the purposes of the trust as defined in the devise, subject to be divested, as by the will provided upon the termination of the trusts.

7th. That the two grandchildren each took an equitable estate or interest in the property, both real and personal, until they attained the age of thirty years, respectively, or until death under that age leaving issue or descendants; the word "children" used in the second paragraph of the tenth clause of the will being read as synonymous with or equivalent to "issue."

8th. That upon the occurrence of either of said events,—that is to say the attaining the age of thirty years, or dying under that age leaving issue—the trust would immediately terminate as to

the particular share, and thereupon the legal estate in the trustee would be divested, and the legal and equitable estates would coalesce and unite, and thence become legal estates in the parties respectively entitled, and those claiming under them.

9th. That the two grandchildren would take, upon the termination of the trust estates, respectively, the legal, fee-simple interest in the realty, and an absolute estate in the personalty, free and discharged of the trust.

10th. That if, however, either one of said grandchildren should die without leaving issue living at the time of his or her death, and the survivor of such grandchildren should be under the age of thirty years, the part or share of the estate of the one so dying would pass to or devolve upon such survivor, under the same trusts and limitations as those mentioned and prescribed upon which the estates were first devised and bequeathed to the grandchildren, such trust to continue until the survivor attained the age of thirty years or died under that age.　But, if the survivor were at the time over the age of thirty years, he or she, as the case might be, would take the share or portion of the deceased party so dying without issue living, absolutely, and discharged of the trust.

11th. That if both the grandchildren die without leaving issue at the time of their respective deaths, then upon the death of the survivor, whether before or after attaining the age of thirty years, the property was devised and bequeathed over, and such devise and bequest would take effect as an executory devise and bequest.

Appeals from the Circuit Court of Baltimore City.

The appeals in this case were taken from a *pro forma* decree of the Court below (Dennis, J.) construing the will of the late John C. Backus, and directing the sale of certain real estate for the purpose of partition.　The case is stated in the opinion of this Court.

The cause was submitted to Alvey, C. J., Robinson, Bryan, Fowler, Page, and McSherry, J.

*John Glenn, Jr.,* and *George G. Carey, Jr.,* for the appellant, Mary B. Backus.

*Henry J. Bowdoin,* for the appellants, John C. B. Pendleton and Maria L. Pendleton.

No brief was filed for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

The bill in this case was filed by Mary B. Backus as surviving executrix, and in her own right as devisee and legatee, under the will of her father the late John C. Backus of the City of Baltimore. The object of the bill was to obtain judicial construction of certain devises in the will, to procure the direction of the Court in the administration and division of the estate, and a decree for sale of certain real estate for purpose of partition.

The testator died in 1884, and left surviving him a widow, one unmarried daughter, who is the complainant in this case, and two grandchildren, the children of a deceased daughter, and who are still infants under twenty-one years of age. The will was made in 1883.

After answer of some of the defendants, a decree *pro confesso* as to others, and testimony taken, a decree of the Court below was passed, construing the will, and declaring what particular estates were taken thereunder by Mary B. Backus, and the two grandchildren, respectively; and it is from that part of the decree, declaring and defining such estates, that the two appeals in this record are taken;—Mary B. Backus, appealing in her own right, and the two grandchildren prosecuting a separate appeal in their right. And the only questions presented on these appeals are, what estates, and the nature thereof, in the property devised and bequeathed, do the appellants take under the ninth and tenth clauses of the testator's will, respectively?

By the eighth clause of the will, the testator devised and bequeathed all the rest and residue of his estate of every kind, wheresoever situate, and all that he might

die possessed of or be entitled to, to his wife *during her natural life.*   And then, by the ninth clause, he devised as follows:

"Should my wife die before me, and at her death after me, I devise and bequeath three-fifths of the said rest and residue of my *estate* to my daughter, Mary B. Backus, she to select as her absolute property any of my furniture and household effects not otherwise designated. Should she die before me and my wife, or die *leaving no issue living at the time of her death, and without a will,* disposing of said three-fifths, then I devise and bequeath two-fifths of my daughter's said three-fifths to form part of the residue of my estate for my grandchildren, John C. Backus Pendleton and Maria Lucinda Pendleton, upon *the same trusts and limitations, and to the same trustee,* as the trust hereinafter in this will devised in trust for said grandchildren."   The other one-fifth he devised over to certain charitable and religious institutions, named in the clause of the will.

By the tenth clause of the will, the testator devised and bequeathed as follows:

"The remaining two-fifths of said rest and residue of *my estate,* after my daughter's said three-fifths, I devise and bequeath to the Safe Deposit and Trust Company of Baltimore, in trust as to one of said two-fifths for my grandson, John C. Backus Pendleton, he to receive the clear rents, issues and income until he arrives at the age of thirty years, at which time the said share *shall vest in him free of said trust;* and in trust as to the other one-fifth for my granddaughter, Maria Lucinda Pendleton, she to receive the clear rents, issues and income until she arrives at the age of thirty years, at which time said share *shall vest in her free of said trust;* the said trustee to manage the said estate devised in trust and collect the rents and income and pay over the net rents and income to said grandchildren, or their

guardians while minors. The said trustee shall have power to invest in ground rents or safe interest bearing securities, change the investment of, and *sell and re-invest* any of the trust property vested in said trustee under said clauses of this my will, and to continue to change the investment of all or any of the trust property.

"Should either of said grandchildren die without leaving children *living at the time of their death,* the share of the one so dying shall pass to the survivor, *under the same trusts and limitations.*

"Should both die without *issue living at the time of their death* respectively, then in such event I devise as follows:" Then follows a devise over; by which a legacy of $10,000 is given to the father of the two grandchildren of the testator, and the residue of the portion devised to the grandchildren is devised to the daughter, Mary B. Backus; and if she should *die without leaving issue living at the time of her death and without a will,* then the testator devises all the rest and residue of his estate to his brother, J. Trumbull Backus, and his heirs.

The contention on the part of the daughter, the plaintiff in this case, is, that both the daughter and the two grandchildren take merely life estates in the devises and bequests to them respectively, and that only the issue of the daughter, and of the grandchildren, take estates in fee or absolute estates in the property devised and bequeathed. But on the part of the grandchildren it is contended that the estates or interests devised and bequeathed to them, respectively, are absolute equitable estates in the first instance, to be converted into absolute legal estates upon their respectively attaining the age of thirty years. We are of opinion, however, that neither of these contentions can be maintained, upon the proper construction of the will.

In construing this will, of course, we must look to all its provisions, and place such construction upon it as

will best promote and carry into effect the general scheme and intention of the testator. Effect must be given to every part of the will, if possible, consistently with the established principles of law; and we are not to assume that the testator did not understand the terms employed by him, or that he did not understand what would be the construction of particular limitations or provisions of his will, according to settled rules of law. Fixed rules of interpretation, whether founded in the common law, or prescribed by statute, are supposed to be the surest and most certain means of ascertaining and giving effect to the intention of the testator; and those rules, though technical they may appear to be, should only be departed from or disregarded, in cases where the plain and manifest intention may require it.

Here the devise by the ninth clause is of three-fifths of the *rest and residue of the testator's estate* to his daughter. If the devise had stopped here there could be no question of the estate taken by the daughter; she would have taken an absolute fee simple estate in the realty, according to established rules of construction; and also an absolute estate in the personalty. For an estate in land is defined to be "such interest as the tenant hath therein." 2 *Black. Com.*, 103. And as said by this Court in the case of *Beall vs. Holmes*, 6 *H. & J.*, 208, "it is settled by an uninterrupted series of adjudications from an early period of judicial history down to the present day, that the word 'estate,' in a devise, is equivalent to words of limitation, and sufficient to pass the fee simple when not restrained by other words, nor appearing to be used by the testator as descriptive only of the local situation of the land devised; and so (upon the same principle) will any other words having the same import." And the word "estate" comprehends both the real and personal estate of the testator, and in a devise such as the present, passes both species of

estates. 1 Salk., 236; Barnes vs. Patch, 8 Ves., 604. But the general devise, and the absolute effect of the word "estate," are both qualified by what follows. The testator proceeds to declare: "Should she die before me and my wife, or die *leaving no issue living at the time of her death* and without a will, disposing of said three-fifths, then I devise," &c.

These terms operate to render the estate created by the preceding general devise, and the effect of the word "estate," defeasible. The dying without leaving issue living at the time of her death, and without disposing of the said three-fifths of the estate by will, are two events that must concur, in order to defeat the preceding devise in fee and absolute estate, and give effect to the devise over. Upon the happening of these two concurrent negative events, the devise and bequest over take effect as an executory devise and bequest. It is clear the testator intended to dispose of his entire estate, and did not intend to give to his daughter a mere life estate. If such had been his intention he would certainly have expressed it. He knew what words were appropriate to be used in limiting such estate, for he had just in the preceding item of his will, limited such estate to his wife by express and appropriate terms. Moreover, it is not reasonable to suppose that the testator would have left any issue that his daughter might have unprovided for; and yet there is no express devise or limitation of any estate to the issue, nor any room or foundation for raising by implication an estate to them in remainder. The only provision for them in the event of intestacy of the daughter, is in the inheritable or distributable quality of the estate vested in the daughter, and from whom they may take under the laws of descent and distribution; but not as devisees or legatees under the will of the testator. The term "issue" while not indefinite as employed in this devise, as to time of failure, would em-

brace children, grandchildren, and even more remote descendants of the daughter, provided only that they or some of such issue be living at the death of the daughter; and the devise and bequest over can only take effect upon the failure of such issue, or of the daughter to make a will disposing of the estate devised to her.

But if the word "estate" employed in the devise was not sufficient to carry to and vest in the daughter a fee simple estate, as being equivalent to words of limitation of that estate in respect to the realty, the statute of 1825, ch. 119, appearing in the Code as section 314 of Article 93, would certainly have that effect. That statute was passed upon the suggestion made by this Court in the conclusion of the very able and learned opinion of Chief Judge BUCHANAN, in the case of *Beall vs. Holmes, supra;* the statute being passed at the session of the Legislature next after the delivery of that opinion. By that statute it is provided that:

"In every will whereby any lands or real property shall be devised to any person, and no words of perpetuity or limitation are used in such devise, the devisee shall take under and by virtue of such devise the *entire and absolute estate and interest of the testator* in such lands or real property, unless it shall appear by devise over or by words of limitation or otherwise, that the testator *intended to devise* a less estate and interest."

In construing this statute it has been held by this Court, in the case of *Hammond vs. Hammond,* 8 *Gill & J.,* 436, that the *Act assumes* "that a testator may not know that terms of limitation are necessary, and directs, that if no words of perpetuity are added to the devise, it shall be intended that the whole estate and interest of the testator was designed to be passed; leaving that assumed intention, however, subject to be controlled by any evidence of a contrary intention, indicated by a devise over by words of limitation, or otherwise. That

the Act reverses the principle of law, which considered an estate for life to pass by a general devise, without words of limitation, or other words clearly indicative of an intention to pass a larger estate, and says a larger estate shall pass by such general devise without words of limitation, unless the will contain a devise over, or manifest by some other words, an intention not to pass more than an estate for life."

Here there is a general devise to the daughter, without words of perpetuity or limitation added, and it does not appear by devise over, or by words of limitation or otherwise, that the testator *intended* to devise a less estate and interest than a fee simple. Indeed, reason is decidedly against restricting the devise to a life estate in the daughter, and the nature of the events upon which the devise over is directed to take effect, militates strongly against a construction that would reduce the estate in the daughter to less than a defeasible fee simple estate.

This statute of ours does not in any manner change the construction of devises of real estate, in regard to the nature and extent of the estates devised, except in so far as it changes the common law rule, that an estate given by a general devise without words of perpetuity or limitation, conferred a life estate only, will, by the statute, confer the entire and absolute estate and interest of the testator. And in such general devise, it is incumbent upon those who contend that a less estate was intended to pass, to show such intention by clear deduction from other parts of the will. This is in accordance with the construction placed upon the substantially similar provision in the English Statute of Wills, 1 Vict., ch. 26, sec. 28. By construction of that provision of the English Statute, it has been held that the *onus* lies upon those who contend for the restricted construction, to show clearly that such construction is justified; and that such restricted construction is not justi-

fied by simply showing that another devise in the will contains formal words of limitation, or that a special power of appointment is given to the devisee. *Wisden vs. Wisden,* 2 *Sm. & Gif.,* 396; *Brook vs. Brook,* 3 *Sm. & Gif.,* 280; 3 *Jarm. on Wills,* (*5th Am. Ed.,*) 48.

We think it clear, therefore, that the daughter, Mary B. Backus, took under the will of her father a fee simple estate in the realty, and an absolute estate in the personalty, devised and bequeathed to her, *defeasible* upon the occurrence of the two concurrent events mentioned in the devise.

With respect to the devise and bequest made by the tenth clause of the will, for the benefit of the two grandchildren, the same construction must be adopted as that applied to the ninth clause, so far as the quality of the estate vested in the trustee is concerned. The testator devised and bequeathed *all* the remaining two-fifths of the *rest and residue of his estate* to the Trust Company, without words of perpetuity or limitation added, in trust for the benefit of the two grandchildren; and, by force of the word "estate," as applied to both real and personal property, and by force of the statute, as to the realty, the entire and absolute estate of the testator passed to and became vested in the trustee for the purposes of the trust, as defined in the devise. *Fairfax, et al. vs. Brown, et al.,* 60 *Md.,* 50. Besides the nature of the trusts, the powers and duties confided to the trustee, require the entire and absolute estate to pass to and become vested in such trustee, subject to be divested as by the will provided, upon the termination of the trusts. The trustee is clothed with power to manage the estate devised in trust, and to collect the rents and income thereof, and to pay over the net rents and income to the two grandchildren named; and the further power to invest and change investments, and to *sell* and re-invest any of the trust property vested in it, under said clauses

of the will, and to continue to change the investment of all or any of the trust property. It is clear, therefore, that the execution of such trusts required the trustee to be invested with the entire and absolute estate in the trust property; and this is according to the authorities. 3 *Jarm. on Wills, pp.* 58 *to* 65, *and* 70–71, and cases there cited. It is manifest the testator did not intend to die intestate as to any part of his estate, and therefore, to give effect to that general intention of making an entire and complete disposition of his estate, it was necessary that the trustee should take the entire legal estate, to be divested upon the occurrence of the events designated in the will.

It would seem to be clear beyond doubt, that the two grandchildren each take an equitable estate or interest in the property, both real and personal, until they attain the age of thirty years, respectively, or until death under that age, leaving issue or descendants;—the word "children," used in the second paragraph of the tenth clause of the will, being read as synonymous with, or equivalent to, "issue." Upon the occurrence of either of the events just mentioned, that is to say, the attaining the age of thirty years, or dying under that age, leaving issue, the trust will immediately terminate, as to the particular share, and thereupon the legal estate in the trustee will be divested, and the legal and equitable estates will coalesce and unite, and thence become legal estates in the parties respectively entitled, and those claiming under them.

And upon the same principle of construction that we have applied in construing the ninth clause of the will, it would seem to be clear, that the two grandchildren will take, upon the termination of the trust estates, respectively, the legal fee simple estate in the realty, and an absolute estate in the personalty, free and discharged of the trust. If, however, either one of these

Backus *vs.* Presbyterian Association.

grandchildren should die without leaving issue living at the time of his or her death, and the survivor of such grandchildren should be under the age of thirty years, the part or share of the estate of the one so dying will pass to or devolve upon such survivor, under the same trusts and limitations as those mentioned and prescribed upon which the estates are first devised and bequeathed to the grandchildren; such trust to continue until the survivor attains the age of thirty years, or dies under that age. But if the survivor be at the time over the age of thirty years, he or she, as the case may be, will take the share or portion of the deceased party, so dying without issue living, absolutely, and discharged of the trust. And if both the grandchildren die without leaving issue at the time of their respective deaths, then, upon the death of the survivor, whether before or after attaining the age of thirty years, the property is devised and bequeathed over; and such devise and bequest will take effect as an executory devise and bequest.

It follows that the parts of the decree appealed from, and which only are involved in these appeals, must be reversed, and the cause be remanded that the decree below may be modified in accordance with the foregoing opinion of this Court.

*Decree reversed, and*
*cause remanded.*

(Decided 19th January, 1893.)