## LOUIS EDGAR WHITBY *vs.* MARY A. JUMP.

*Devise of a Fee-Simple Estate Defeasible Upon Death of Devisee Without Issue.*

A testator devised the residue of his estate to his wife Catherine and his son William during their natural lives to be equally divided between them, and also provided that in case Catherine should survive William and the latter should die without issue, then the property given to William should be divided among the children of testator's daughters, and that in case William should survive Catherine then "whatever remains

of the property bequeathed to her during her life, shall then descend to my said son William, and' in case of his death without children the whole to be equally divided '' among the children of testator's daughters. William survived Catherine and died leaving issue, having previously conveyed to defendant part of the land passing under the residuary clause of the will. Plaintiff, one of the children of William, brought an action of ejectment for the said land alleging that William took under the will a life estate only. *Held*, that William, upon the death of Catherine, took a fee-simple estate in the land defeasible upon the contingency of his dying without children and that since he left issue the plaintiff is not entitled to recover.

Appeal from the Circuit Court for Talbot County (PEARCE, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*Alfred L. Tharp* (with whom was *Oswald Tilghman* on the brief), for the appellant.

*Joseph B. Seth* and *Alexander L. Seth* (with whom were *Geo. W. Wilson* and *J. C. Mullikin* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an action of ejectment brought in the Circuit Court for Talbot County, by the appellant to recover possession of certain real property, situate and lying in Chapel District, of that county. The case was tried before the Court upon the plea of not guilty and upon an agreed statement of facts. The title to the property in question rests upon the construction to be placed upon the will of Thomas Whitby, late of Talbot County.

The following is the clause of the will out of which this controversy has arisen. " I give and bequeath all the rest and residue of my estate, both real estate and personal to my beloved wife Catherine Whitby and my youngest son William Elbert Whitby during their natural lives, to be equally divided between them. In case my wife Catherine Whitby survives

my son William Elbert, and my said son William Elbert should die without children, my will is that the property above bequeathed to my said son, shall, in that event be equally divided among the children of my daughter Jane Warner and the children of my deceased daughter Mary Greenhawk, to be and remain theirs forever. And in case of my son William Elbert survives my wife my will is that whatever remains of the property above bequeathed to her during her life, shall then descend to my said son William Elbert and in case of his death without children, the whole to be equally divided among the children of my daughter Jane Warner and the children of my deceased daughter Mary Greenhawk, share and share alike."

The plaintiff, who claims as one of the children of William E. Whitby, contends that the estate given by the will was a life estate only.

The defendant, who claims the property by purchase through a regular line of conveyances, beginning with Wm. E. Whitby, after the death of the testator, contends that William E. Whitby took a fee-simple estate, in the whole property, after the death of his mother, defeasible on his dying without children.

The facts of the case as disclosed by the record and about which there is no dispute appear to be these: Thomas Whitby, the testator, died in the year eighteen hundred and seventy-two and Catherine, his wife, died in the same year, and William E., the father of the plaintiff, died in October, 1900, leaving eight children, that he was unmarried and without children at the time he executed the will and at the time of the father's death; that the daughters, Mrs. Warner and Mrs. Greenhawk had children living at the time, the testator made his will and that the property in question is a part of the property of which Thomas Whitby died seized and possessed and is a part of the rest and residue of the real estate devised by his will.

The law applicable to this case, we think, was correctly stated by the Court below in the second instruction granted

on behalf of the defendant. It is as follows: That under the evidence in the case, William E. Whitby took under the will of his father, Thomas, a fee-simple interest in the land in question on the death of his mother, Catherine Whitby, defeasible on the said William E. Whitby dying without children and if the said William died leaving children, then their verdict must be for the defendant. It is a cardinal rule in the construction of wills that such construction must be placed upon the provisions of a will, as will give effect to the intention of the testator, consistent with the established principles of law.

It is quite clear, we think, from an examination of the will now before us, that Wm. Elbert Whitby was the chief object, after providing for his wife, of the testator's bounty, and that the testator did not intend any of his other children to take anything more than what had been specifically devised, except in the contingency that William should die without children, and even then the residue was to go to certain of his grandchildren. By the first clause of the sixth item of the testator's will he gave and bequeathed all the rest and residue of his estate both real and personal to his wife, Catherine, and to his youngest son, William Elbert, during their natural lives, to be equally divided between them. If the testator had stopped here, there would be no question as to the estate, devised by the will. But by the subsequent clause of the same item of the will it clearly appears, that the testator enlarged the estate to a fee-simple in one-half of the residue during his mother's life and in the whole of the residue upon her death, if he survived her, subject to be divested upon his death, without children.

This is the proper construction to be placed upon the will, and gives effect to the plain and manifest intention of the testator, and is sustained by the adjudged cases. *Dickson* v. *Satterfield*, 53 Md. 518; *Backus* v. *Presbyterian Association*, 77 Md. 57; *Devecmon* v. *Shaw*, 70 Md. 221; *Gambrill* v. *Forest Grove Lodge*, 66 Md. 26. In *Fairfax* v. *Brown et al.*, 60 Md. 55, it is said: This being a general devise of the whole resi-

due of the whole estate, without any words of limitation or perpetuity, the devisees will take the entire and absolute interest of the testator, unless it shall appear that the testator intended otherwise. Art. 93, sec. 314 of the Code.

If the appellants contention is sustained and we hold that Wm. Elbert took only a life estate under the will, there would be an intestacy as to the whole residue of the estate, upon his death without children, the contingency upon which alone there was any devise over, his death without children, not having happened, and the testator's children and grandchildren who were intended to be excluded, would all participate in the residue of the estate. In *Devecmon* v. *Shaw*, 70 Md. 219, it is said : "Upon consideration of the whole context of the will, I can entertain no doubt of the opinion, that the daughter was intended to take, and that she does by fair construction take, an estate in fee in the realty, and the entire interest in the personalty, defeasible as to both realty and personalty upon the happening of the contingencies specified. The daughter was doubtless the principal object of the testator's care and bounty, and we may suppose that it was his purpose to secure to the daughter and her children the full enjoyment of the property given to the daughter. He intended to dispose of his entire estate, and he never for a moment contemplated the possibility of a state of intestacy as to any part of his estate, or for any duration of time. But if the daughter takes but a life estate, as contended, there would be an intestacy as to the reversion, subject to the happening of the contingencies mentioned, and if the daughter was to die leaving child or children, none of whom had attained the age of twenty-one years, the state of intestacy would continue, and the property would devolve upon the children as heirs at law and distributees, taking or claiming through the mother, subject to be divested upon the happening of the contingencies provided for in the will."

For the reasons we have given the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided December 5th, 1901.)