ELIZABETH W. STARK ET AL. v. DEBORAH J. COHEN ET AL.

[No. 27, April Term, 1932.]

*Decided June 21st, 1932.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Harry E. Karr* and *Francis Key Murray,* with whom were *Fitzpatrick, Brown & Davis* on the brief, for the appellants.

*C. Alexander Fairbank,* with whom was *Harry T. Kellman* on the brief, for the appellees.

Sloan, J., delivered the opinion of the Court.

This appeal is from a judgment in favor of the defendants in an ejectment suit brought by the children of Gertrude S. Long Williams, who are the appellants, against Deborah J. Cohen and Samuel Speert, tenants in common of a lot at the northwest corner of Lombard and Sharp Streets, in Balti-

more; Ella Speert, wife of Samuel Speert, being joined as a defendant. There is one exception to the refusal of the plaintiff's prayer and the granting of the defendant's first and second prayers, the defendant's first prayer being a demurrer to the evidence.

The controversy turns on the construction of an assignment of lease, dated April 18th, 1857, from Ellis B. Long, the granting clause of which is as follows:

"Witnesseth, that in consideration of the mutual love and affection which the said Ellis B. Long hath for his wife, Elizabeth W. Long, and his daughters, Gertrude S. Long and Helen Mary Long, the said Ellis B. Long doth grant unto the said Elizabeth W. Long, his wife, her executors, administrators and assigns, all that parcel of ground situate in the City of Baltimore aforesaid, which is described as follows, that is to say."

The habendum clause, under which the appellees claim, is as follows:

"To have and to hold the said parcel of ground unto the said Elizabeth W. Long for and during her natural life and for her sole and separate use, so that she may have and enjoy the rents, issues and profits thereof, and from and immediately after the death of said Elizabeth W. Long to the said Gertrude S. Long, her executors, administrators and assigns, for her sole and separate use, but in case of the decease of the said Gertrude without leaving a child or descendant living at her decease, then to the said Helen Mary Long, her executors, administrators and assigns, for her sole and separate use."

By assignment dated November 4th, 1870, Ellis B. Long and Elizabeth W. Long, his wife, and their daughters, Gertrude S. Long (afterwards married to George Moulton Williams) and Helen M. Jackson and Edward T. Jackson, her husband, conveyed the leasehold to James Whiteford. Whiteford, by deed of November 10th, 1870, acquired the fee from Albert S. Schumacker, and, if he acquired a good title to the leasehold from the Longs, then held the property absolutely

in fee, and the leasehold was merged into the fee. On the day Whiteford acquired the fee from Schumacker, he made a lease of the property to Elizabeth W. Long and Gertrude S. Williams, and by deed of November 3rd, 1877, they surrendered the lease to him, and then, by mesne conveyances, the fee was conveyed to the defendants Deborah J. Cohen and Samuel Speert.

The appellants devote a considerable part of their brief to an argument in favor of a construction of the assignment of lease of April 18th, 1857, from Ellis B. Long to his wife for life with remainders to his daughters, which would give effect to its habendum clause, and not vest the leasehold in the wife, Elizabeth W. Long, absolutely; but according to the decision of the trial court, it made no difference which construction be placed on the assignment, the appellants have no title—a conclusion in which this court concurs.

Assuming that there is no repugnancy between the granting and habendum clauses of the assignment, and both briefs are submitted on the theory that under it Elizabeth W. Long, wife of the grantor, took a life estate, does Gertrude S. Williams take the leasehold absolutely in remainder, or does the remainder not finally vest until her death, and then do her children, the appellants, take?

The appellants rely on the construction given the will in *Nowland v. Welch,* 88 Md. 48, 40 A. 875, 876, while the appellees rely on the interpretations of the wills in *Devecmon v. Shaw,* 70 Md. 221, 16 A. 645, and *Whitby v. Jump,* 94 Md. 185, 50 A. 701.

In *Nowland v. Welch,* after the death of his wife, the testator devised and bequeathed the residue of his estate to his nephew, Henry A. Nowland, in trust for his grandson, James A. Nowland, the appellant, who sought a construction of the will, which then provided: " 'If my grandson shall attain to twenty-two years of age, then my will is that the trustee aforesaid shall convey and transfer all the estate and property, real and personal, so held by him in trust, to my grandson, who shall manage and control the same; and, if my grandson should die without leaving children or the issue of such (if

any have died),' then," among other things, he gave a farm called "Salem" to his niece, Harriet L. Welch, and her heirs. It was there held: "The use of the language 'who shall manage and control the same,' taken in connection with the other parts of the will, clearly indicates the character of the estate the testator had in view. There would have been no necessity for the use of such language if the testator had intended to devise a fee simple estate. On the contrary, he devised to the appellant a conditional fee, or life estate; and, upon his death, alternative contingent remainders, in fee, are limited to the children or the issue of such children who shall survive the life tenant, and, failing this, then to Mrs. Harriet L. Welch, the appellee. * * * The contention of the appellant cannot be sustained in view of the limitations over to the appellee, and the use of the words 'to have the management and control of the same,' by the testator." This case was decided in 1898. The case of *Whitby v. Jump, supra,* was decided in 1901, with no reference to *Nowland v. Welch;* the opinions in both cases having been written by Judge Briscoe. In *Nowland v. Welch* the case of *Devecmon v. Shaw, supra,* is not referred to, while in *Whitby v. Jump,* it is not only relied on as an authority, but is quoted at considerable length.

In *Devecmon v. Shaw, supra,* John S. Combs, after certain devises and bequests to his wife, and to his daughter, Althea, by his will provided: "But in case my said daughter should die without leaving any child or children at the time of her death, or if leaving such child or children such child or all such children should die before arriving at the age of twenty-one years, then all the real estate and personal estate devised to my said daughter shall go to my sister, Althea M. Devecmon, and her children and grandchildren then living, in equal proportions; such grandchildren to stand in the place of their deceased parents." This provision was held by Chief Judge Alvey (chancellor), in an opinion adopted by this court, to give to the daughter an estate in fee in the realty, and the entire interest in the personalty, "defeasible as to both realty and personality upon the happening of the con-

tingencies specified. Now it is true the testator did not intend to devise his entire indefeasible estate to his daughter, in all events; but, as I think, it is manifest he intended it to vest in his daughter, with the contingent limitation over. That limitation is in no way inconsistent with the devise of a fee simple estate to the daughter, and the limitation over, therefore, does not furnish the least evidence of an intention to give to the daughter a less estate than a defeasible fee simple."

The case of *Whitby v. Jump, supra,* was an action of ejectment brought by Louis E. Whitby against the grantee of his father, William E. Whitby; the son claiming that his father's interest in the property was a life estate only. The will of Thomas Whitby left the residue of his estate to his wife, Catherine Whitby, and his youngest son, William E. Whitby, "during their natural lives, to be equally divided between them." It then provided: "In case my wife, Catherine Whitby, survives my son William Elbert, and my said son William Elbert should die without children, my will is that the property above bequeathed to my said son shall, in that event, be equally divided" between certain grand-children. "And in case of my son William Elbert survives my wife, my will is that whatever remains of the property above bequeathed to her during her life shall then descend to my said son William Elbert, and in case of his death without children the whole to be equally divided among" the said grandchildren. Of which it was said: "It clearly appears that the testator enlarged the estate to a fee simple in one-half of the residue during his mother's life and in the whole of the residue upon her death, if he survived her, subject to be divested upon his death without children." In support of this construction of the will the opinion cited *Dickson v. Satterfield,* 53 Md. 318; *Gambrill v. Forest Grove Lodge,* 66 Md. 17, 28, 5 A. 548, 10 A. 595; *Devecmon v. Shaw,* 70 Md. 219, 224, 16 A. 645; *Backus v. Presbyterian Association,* 77 Md. 50, 58, 25 A. 856. See, also, *Bradford v. Mackenzie,* 131 Md. 330, 337, 101 A. 774.

The *Nowland* case differs from others in that, by the conveyance to the grandson upon his becoming twenty-two

years of age, he, instead of the trustee, was to "manage and control the same," and it was held that these words, in connection with the limitation over to the appellee, Mrs. Welch, clearly indicated "the character of the estate the testator had in view." There would have been no necessity for the use of such language if the testator had intended to devise a fee simple estate. On the contrary, he devised to the appellant a conditional fee, or life estate, and upon his death, alternative conditional remainders in fee are limited to the children or the issue of such children who shall survive the life tenant and, failing this, then to Mrs. Harriet L. Welch, the appellee. If the testator in the *Nowland* case had omitted the words "manage and control," which are incident to the tenure of a trustee or life tenant, the decision would surely have followed the other older cases herein cited. Otherwise the subsequent decision in *Whitby v. Jump, supra,* wherein the opinion was written by the same judge, would have been the reverse of what it was.

In the instant case the language of the deed, after the determination of the life estate, was to "Gertrude S. Long, her executors, administrators and assigns for her sole and separate use," which are the words commonly used to grant an absolute estate in personalty, "but in case of the decease of the said Gertrude without leaving a child or descendant living at her decease then to the said Helen Mary Long, her executors, administrators and assigns for her sole and separate use." The father, in the use of the language contained in this deed, evidently expected the daughter to survive her mother (*Fairfax v. Brown,* 60 Md. 50, 62), and that she should have it absolutely and that her title to it could only be defeated in case she died without issue. Whether she held it or conveyed it made no difference; the title would become absolute in her assignee, if she died leaving descendants (*Whitby v. Jump, supra*); and the same rule applies to personalty as to realty. *Devecmon v. Shaw, supra.* As, in the opinion of this court, Gertrude S. Williams (née Long) had a defeasible title to the leasehold, which became absolute on her dying leaving children, her assignee, by the deed to

him, acquired a title freed of the contingency which might have arisen, but did not.

For the reasons stated, the demurrer prayer of the appellee (defendant) for a directed verdict was properly granted, and it is, therefore, unnecessary to discuss the other rulings on the prayers or other questions discussed in the briefs.

*Judgment affirmed, with costs.*