THOMAS HUGHES, Trustee,

*vs.*

R. G. HARPER PENNINGTON et al.

*Wills: construction; life estate; reversions.*

The will of C. H., after making other disposition of the property, provided as follows:

(a) In regard to the one undivided third part of the residuum " * * * I give and bequeath the net annual income thereof to my granddaughter, E. L. P., for her sole and separate use, for the term of her natural life," etc.

(b) "And after the decease of my said granddaughter, if she should leave a child or children then living, or the descendants then living of any child or children who may have died before her, then the income of said one-third part, as it shall become due, to be applied to the support, maintenance and education of such child, children or descendant *per stirpes* for the term of 21 years after the death of the said granddaughter, or until the youngest child of the granddaughter living at the time of the testator's death should reach maturity, and the principal of said third to be then distributed amongst them *per stirpes.*"

(c) But if the said granddaughter did not so leave descendants living at the time of the testator's death, or should all of her said descendants so living die within 21 years of her death, then the principal of such one-third part to go to the testator's sister, E. L. H., if then living; if not, then to go to such persons as she may by will appoint, or to her residuary legatees if she had failed to appoint.

The life tenant died, leaving two sons and no descendants of any deceased child; both of her sons attained the age of 21 years (before the end of 21 years after the life tenant's death) : *Held,* that the two sons of the life tenant were entitled to the distribution of the said third of the estate, and that the (c) clause did not apply.                                   p. 134

*Decided January 14th, 1915.*

Appeal from the Circuit Court of Baltimore City. (STUMP, J.)

The facts are stated in the opinion of the Court.

The case was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

The case was submitted on brief by *Thomas Hughes* for the appellant.

*Frank E. Welsh, Jr.,* for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from a decree construing Item 12 of the last will and testament of Catharine Harper, deceased. That item is as follows:

> (a) "In regard to the one undivided third part of the residuum of my estate, alluded to in the 10th item of my will, I give and bequeath the net annual income thereof to my granddaughter, Emily L. Pennington, for her sole and separate use, for the term of her natural life, to be paid over to and received by her as it shall become due, and without any anticipation of income.

> (b) "And after the decease of my said granddaughter, if she should leave a child or children then living, or the descendants then living of a child or children who may have died before her, it is my will

that the income of the said third part, as it shall be-
come due, shall be applied to the support, maintenance
and education of such child, children or descendants,
*per stirpes,* for the term of twenty-one years after the
death of my said grand-daughter, or until the young-
est child of my said granddaughter living at her
death (or if she leave no child living at her death,
then until the youngest of her grandchildren living
at the time of her death) attains the age of eighteen
years, if a female, or twenty-one years, if a male,
whichever shall first happen; and that the principal
of said third be then distributed amongst them *per
stirpes.*"

(c) "But should my said granddaughter not leave
descendants living at her death as aforesaid, or should
all of such descendants, if any she leave living at her
death, die within twenty-one years after her death,
then and in such case the principal of said third part
shall go to and vest in my daughter, Emily L. Harper,
if then living, and if my said daughter be not then liv-
ing, the said third shall go to and vest in such persons
as she may by any testamentary paper appoint, and
if she does not specifically make such appointment,
then her residuary legatees shall be taken and consid-
ered as such appointee."

For convenience of reference we have marked the above
clauses (a), (b) and (c), although they are not so marked in
the will.

The petition asking for the construction of the will was
filed by Thomas Hughes, Trustee, R. G. Harper Pennington
and his children, and Clapham Pennington and his children.
The trustees under the will of Catharine Harper having
died, Thomas Hughes was appointed as their successor.
Mrs. Pennington died on the 7th day of January, 1908,
leaving surviving her two sons, R. G. Harper Pennington
and Clapham Pennington, both of whom have long since
passed the age of twenty-one years, but leaving no other chil-

dren or descendants of any deceased child or children. R. G. Harper Pennington executed a deed of trust to Thomas Hughes, Trustee, for the benefit of his children, of one-half of his interest in the estate, until the marriage of said children, and all of them are still unmarried.

The petition states that Thomas Hughes, Trustee, entered into a contract for the sale of what is spoken of as the Stellburg property, and counsel for the purchaser had declined to accept said property, on the ground that the remainder created by the 12th item of the will of Mrs. Harper, to take effect after the death of Mrs. Pennington, is under the terms of the will liable to be divested in the event of the death of all the descendants of Mrs. Pennington within twenty-one years after her death, and that the power conferred by the will of Mrs. Harper upon her daughter, Emily Harper, to appoint by her will the persons to take said remainder was not validly executed, or, if validly executed, would not be effective for reasons therein set out, but which are not necessary for us to state by reason of our construction of the will of Mrs. Harper. Mr. Alex. H. Robertson, Auditor and Master, to whom the case was referred, reported that in his opinion R. G. Harper Pennington and Clapham Pennington are entitled to absolute vested interests under this clause of the will, and the Court decreed as follows: "That by the proper construction of the will of Catharine Harper, deceased, the obligation now devolves upon Thomas Hughes, Trustee, in consequence of all the children of Emily L. H. Pennington, deceased, being over twenty-one years of age, to distribute between her two sons, R. G. Harper Pennington and Clapham Pennington, equally, the estate in the hands of said trustee, and he shall so distribute the same accordingly, selling so much as he shall find necessary for such distribution, whereby there shall be distributed to and received by the said R. G. Harper Pennington one-half of said estate, and Clapham Pennington the remaining one-half of said estate, each for his own use, and as his own property absolutely, except, however, that the said trustee shall retain

in his hands, pursuant to the deed of trust to him from the said R. G. Harper Pennington, in favor of his children, one-half of the said R. G. Harper Pennington's share." From that decree the trustee, by authority of the lower Court, took this appeal.

In our judgment that decree is clearly right. If clause (b) stood alone, there could be no possible question about it. Mrs. Pennington, the life tenant, died leaving two sons and no descendants of a deceased child, and hence the income of the said third part, as it became due, was applicable to the support, maintenance and education of those two sons for the term of twenty-one years after the death of their mother, *or* until the youngest of them attained the age of twenty-one years, *whichever first happened;* and the principal of said third was then to be distributed amongst them. As both of her sons have attained the age of 21 years (which happened before the end of 21 years after her death), the will explicitly directs "that the principal of said third be then distributed amongst them *per stirpes,*" and they are undoubtedly entitled to now have the principal of the estate, unless clause (c) prevents.

That clause can not prevent the distribution, unless we not only ignore the alternative provision in reference to the youngest child becoming of age, but disregard the express direction that the principal be *then* distributed (that is to say, when the youngest son became twenty-one years of age). It can not be said that the testatrix intended that, even after the principal is distributed to the two sons, if they died within twenty-one years after their mother's death, their respective shares would be divested and go to their aunt, if living, or if she be not living, to such persons as she might by will appoint, and thus cut out the children of Mrs. Pennington's two sons. That would not only be an unnatural provision, but it might have been a useless one, for the child, children, or descendants of Mrs. Pennington, who reached the ages named, might have spent or lost the principal distributed to them, and it is evident from the will

that the testatrix was careful to preserve the estate in the hands of trustees until the time came for its final distribution. Sometimes testators do leave property to a child in such terms as make it defeasible upon the child dying without leaving a child, or, if she leave a child, upon its dying before attaining the age of twenty-one years, as shown by *Devecmon* v. *Shaw,* 70 Md. 219, and similar cases which might be cited, but that was manifestly not intended by Mrs. Harper.

Inasmuch as clause (b) uses the term "child, children or descendants," or in one instance speaks of children and grandchildren, it was argued by the appellees that clause (c), which only uses the term "descendants," was not intended to apply to a child or children of Mrs. Pennington, but only in the event that there were no children to take. But in our judgment, the correct interpretation of clauses (b) and (c), when taken together, is that the testatrix provided in clause (b) for two dispositions of the remainder after the death of Mrs. Pennington, in case she left a child or children or descendants of a child or children living at her death. One was that the income be applied to the support, maintenance and education of such child, children or descendants, *per stirpes,* for the term of twenty-one years after the death of Mrs. Pennington, and that at the expiration of twenty-one years, the principal of said third be distributed amongst them *per stirpes.* The other was a qualification of or exception to the first, and was that if the youngest child of Mrs. Pennington living at her death (or if she left no child, the youngest grandchild) became of age (female, 18, and male, 21) before the term of twenty-one years after her death ended, then the income was to be applied as therein directed until such youngest child (or grandchild) attained the age mentioned (female, 18, and male, 21), and then the principal of the third was to be distributed.

In the event last mentioned there was no contingency to be provided for, because if she left children (or grandchild

but no child), and the youngest was of the prescribed age before the end of twenty-one years after her death, the principal of the third was to be *then* distributed by the express and clear direction of the will. Nothing more was to be done. But it naturally occurred to the draftsman of the will that some provision must be made in case Mrs. Pennington left no descendants, or if she did leave some and all of them died before the expiration of the twenty-one years after her death, and hence clause (c) was added. It is, however, clear that those provisions were intended to apply to the class first contemplated by clause (b)—that is to say, where the income was to be paid for the term of twenty-one years, and not to the one where the testatrix had directed the principal to be paid, although the twenty-one years had not expired, as the youngest child had attained the age fixed by her.

That construction harmonizes the terms of the will, makes all of them effective, and is in accord with what we believe to be the manifest intention of the testatrix. As Mrs. Pennington did leave two sons and both of them are twenty-one years of age, they would be entitled to have the principal of the third distributed to them at once, but as it appears that R. G. Harper Pennington made a deed of trust in favor of his children of one-half of his share, the decree provided that the trustee should retain that half. The deed of trust is not in the record, but as no question is made about that, we assume that as Mr. Hughes is trustee under the will of Mrs. Harper and also under the deed of trust, that was satisfactorily arranged.

The decree will be affirmed, but the costs will be directed to be paid by the trustee out of the estate.

*Decree affirmed, the costs to be paid by the trustee out of the estate.*