Combs *vs.* Combs, *et al.*

For these reasons the rulings below must be reversed, and a new trial awarded.

> *Rulings reversed, and*
> *new trial awarded.*

(Decided 15th March, 1887.)

ALVEY, C. J., dissented.

---

JAMES N. COMBS *vs.* A. NICHOLAS COMBS, and others.

### *Void Executory Devise.*

A will contained the following clause: "I give and devise all my estate, real and personal, to my son G., to sell and convey the same in his life-time, or to dispose of the same by last will and testament; but should he, the said G., die without issue of his body lawfully begotten, and without having disposed of the same by sale, or by last will and testament, either in whole or in part, then I give and devise my said estate, both real and personal, or the part remaining undisposed of, to my cousins J. and T. in equal portions, share and share alike, to them and their heirs." HELD:

That the limitation over to J. and T. was void, and that on the death of G. intestate, the land embraced in said clause, descended to his heirs-at-law.

An executory devise may be limited after a fee simple, but in such case the fee must be made determinable on some contingent event.

APPEAL from the Circuit Court for St. Mary's County.

This was an action of ejectment brought by A. Nicholas Combs and others, heirs-at-law of George, H. Combs, the son and devisee of Alexander Combs, deceased, against James N. Combs, to recover certain tracts of land in St. Mary's County, which the latter claimed and held under

a devise contained in the will of the said Alexander Combs. The devise will be found in the opinion of the Court. George H. Combs died without issue, and without having made any disposition of the estate.

*Exception.*—The plaintiff prayed the Court to instruct the jury as follows:

That if the jury find that the land in controversy was the property of Alexander Combs, and that he died seized and possessed in fee of the same, and that he duly made and executed his last will, given in evidence in this case, that then by the true construction of the said will, George H. Combs, the devisee in said will, took an estate in fee simple in said land, and the devise over to the defendant is void and of no effect, and the plaintiffs, as admitted heirs-at-law of said George H. Combs, are entitled to recover said land.

This instruction the Court (Full Bench) granted. The defendant excepted. The jury rendered a verdict for the plaintiffs for the lands in the declaration mentioned, and assessed the damages at $56.17. The defendant appealed.

The cause was argued for the appellant before ALVEY, C. J., MILLER, IRVING, and BRYAN, J., and submitted for the appellees.

*Daniel R. Magruder,* for the appellant.

The devise over is good as an executory devise upon the contingencies named, which have happened, and this clear intention of the testator is to be carried out, and. is not in conflict with the policy of the law, or in violation of any legal principle.

That a devise over *in defeasance* of an estate in fee to the first taker, and to take effect upon a contingency, is good by way of executory devise, is well settled. *Dallam vs. Dallam,* 7 *H. & J.,* 220.

The only objection that has been or can be made to the validity of the devise over in this case, is that the estate and power of disposition in the first taker are absolute, and that the devise over is repugnant thereto, and a number of authorities are cited in support of this objection, notably the cases of—*Jackson vs. Robbins*, 16 *Johns.*, 537; 4 *Kent Com.*, 270–1; *Benesch vs. Clark*, 49 *Md.*, 497, and *Foos vs. Scarf*, 55 *Md.*, 301.

But the cases in 49 *Md.* and 55 *Md.*, only decide that a devise to a person generally or indefinitely, with full power of disposition, creates a fee, but do not decide that a devise over after such an estate, and in defeasance thereof, upon a contingency, is void, and the point was not before the Court.

The doctrine laid down in 16 *Johns.*, and the cases there relied on, and in 4 *Kent,* is based upon an erroneous view of the nature of executory devises as to the quality of not being affected by any alteration in the precedent estate or by any act of the first taker.

This quality of executory devises is thus expressed by the text writers : " The great and essential difference between the nature of a contingent remainder and that of an executory devise (and that indeed which renders it material to distinguish the one from the other in their creation) consists in this: that the first may be barred and destroyed, or prevented from taking effect by several different means, as I have already shown ; whereas, it is a rule, that an executory devise cannot be prevented or destroyed by any alteration whatsoever in the estate out of which, or after which, it is limited." 1 *Fearne Cont. Rem.*, 418.

What is meant by such alteration of the precedent estate is shown by the exception to this rule, which is thus stated : " And though in general, an executory devise, even of lands of inheritance, cannot be barred by the first taker, yet we are to observe, that wherein lands of inher-

itance an estate tail is first limited, and then an executory or conditional limitation is made npon that estate, a recovery suffered by the tenant in tail before the event or condition happens on which the ulterior limitation was to arise, will bar the estate depending on that event or condition." 1 *Fearne Cont. Rem.*, 423.

The obvious and reasonable meaning of this rule, is that when such an executory estate is created, and the contingency happens, its vesting cannot be prevented by any act of the first taker, independently of the estate and powers given to him. If the contingency *does not happen*, it cannot be said that the estate over has been *destroyed*, for it has never vested or come into existence, and could not by the very terms of the devise.

In a case like that before us, the disposition of the estate by the first taker by deed or will would not be an alteration of such precedent estate, but the exercise of the very powers which that estate gives.

Again it is said: "This privilege of executory devises, which exempts them from being barred or destroyed, is the foundation of an invariable rule with respect to the contingency upon which an estate of this sort is permitted to take effect; which is, that such contingency must happen within a short space of time, such as a life in being, or some few years after; otherwise, it would be in a testator's power to limit an estate unalienable for generations to come; a power which the law very wisely denies to every man, as the exertion of it would tend to render property in great measure useless to the general purposes and calls of a commercial society. For every executory devise, so far as it goes, creates a perpetuity; that is an estate unalienable till the contingency be determined one way or the other." 1 *Fearne Cont. Rem.*, 429.

So that it clearly appears, that so far from its being the policy of the law to favor an executory devise only when the estate of the first taker is, in the meanwhile, inalien-

able ; on the contrary, the law would rather favor such a devise as left the estate all the time subject to the power of alienation.

No reason can be given why the contingency upon which the estate over is to depend, may not be the dying of the first taker without having made a disposition of the estate, as well as any other contingency. *Powell on Dev.*, 165.

Devises over, like that before us, have frequently been recognized and sanctioned. In a very early case in this State, (*Corporation, &c. vs. Hammond*, 1 *H. & J.*, 596,) a devise over in similar terms was conceded to be a good executory devise by the able counsel who argued the case—Martin, Pinkney, Shaaff, Johnson, Key and Harper—and by the Court. So by Lord KENYON, in *Beachcroft vs. Broome*, 4 *Term R,,* 441.

And the more recent case of *Stevenson vs. Glover*, 1 *Man., G. & S.*, (50 *Eng. C. L.*,) 447, is a strong case in point. And the same doctrine is strongly sanctioned and supported in the case of *Andrews vs. Roye*, 12 *Rich. Law*, (*S. C.*,) 536.

*Robert C. Combs*, and *Joseph F. Morgan*, for the appellees.

Under the will of Alexander Combs, his son, George H., took a fee simple estate in the property in controversy. The terms used in the will constituted an estate in fee-tail general, which by statute has been converted into a fee simple estate.

The limitation over to the appellant is void. If good, it must be either by way of remainder, or as an executory devise. It is not good as a remainder, because a remainder cannot be limited after a fee. It is not good as an executory devise, because the absolute power of disposition given to George H. Combs, the first taker, is fatal to the existence of such an estate. *Jackson vs. Robins*, 16

*John.*, 589; 4 *Kent*, 270; *Fearne on Rem. and Exec. Dev.*, 46, 51, 58; *Benesch vs. Clark*, 49 *Md.*, 497; *Foos vs. Scarf, et al.*, 55 *Md.*, 301.

BRYAN, J., delivered the opinion of the Court.

The will of Alexander Combs contained the following clause : "I give and devise all my estate, real and personal, to my son, George H. Combs, to him and the heirs of his body lawfully begotten, with full power and authority to him, the said George H. Combs, to sell and convey the same in his life-time, or to dispose of the same by last will and testament ; but should he, the said George H. Combs, die without issue of his body lawfully begotten, and without having disposed of the same by sale, or by last will and testament, either in whole or in part, then I give and devise my said estate, both real and personal, or the part remaining as above undisposed of, to my cousins, James Nathaniel Combs and Thomas B. Price, in equal portions, share and share alike, to them and their heirs."

We are to decide whether the limitation to James N. Combs and Thomas B. Price is valid. By virtue of the Act of 1862, chapter 161, the words of the will "die without issue of his body lawfully begotten," must be construed to mean a definite failure of issue, and will support the limitation over, if other words in the will do not prevent this result. The testator gives his estate to his son George and the heirs of his body lawfully begotten, with full power and authority to sell and convey it in his life-time, or to dispose of it by last will and testament. It is difficult to see how the devisee could have more absolute control and dominion over the property. Even if there had been no words of inheritance, and the estate had merely been devised to George generally and indefinitely, the absolute power of disposition would have carried the fee. *Benesch vs. Clark*, 49 *Md.*, 497. An executory devise may be limited after a fee simple ; but in such case, the

Combs *vs.* Combs, *et al.*

fee must be made determinable on some contingent event. It must be provided that the fee is to cease, and the executory devise to vest on a contingency, which must happen, if at all, within a life or lives in being and twenty-one years and a fraction thereafter. In the case before us, the fee given to George is absolute and unqualified, and is not determinable on any event whatsoever. In *Ide vs. Ide*, 5 *Mass.*, 500, Chief Justice PARSONS in speaking of a similar case said: "Whenever it is the clear intention of the testator that the devisee shall have an absolute property in the estate devised, a limitation over must be void, because it is inconsistent with the absolute property supposed in the first devisee. And a right in the first devisee to dispose of the estate devised at his pleasure, and not a mere power of specifying who may take, amounts to an unqualified gift." And Chancellor KENT in delivering the unanimous opinion of the Court of Errors in *Jackson vs. Robins*, 16 *Johnson*, 537, said: "We are obliged to say that an absolute ownership or capacity to sell, in the first taker, and a vested right by way of executory devise in another, which cannot be affected by such alienation, are perfectly incompatible estates, and repugnant to each other, and the latter is to be rejected as void." Both of these great jurists cited and relied upon *The Attorney-General vs. Hall*, (*Fitzgibbons*, 314,) decided by Lord Chancellor KING, assisted by the Master of the Rolls and Chief Baron REYNOLDS, and quoted with approval by Lord HARDWICKE in *Flanders vs. Clarke*, 1 *Vesey's Reports*, 9. These assuredly are authorities of great weight. We think that they ought to be considered as settling the law; although contrary opinions have been declared by some very learned Courts.

We agree with the Circuit Court in holding that the executory devise is void, and that on the death of George Combs intestate, the land descended to his heirs-at-law.

(Decided 15th March, 1887.)          *Judgment affirmed.*