SAMUEL W. BRADFORD et al.

*vs.*

THOMAS MACKENZIE, Committee, et al.

*Wills: executory interests; remainders; after a fee simple; determinable fees.*

After making some other dispositions of his property, a testator provided, (1) that all the residue and remainder of his estate should be divided among his wife and seven children (naming them), their *heirs, executors and assigns,* share and share alike; (2) by a *second* clause he provided that the shares of the female devisees should be for their sole and separate use, etc.; (3) by a *third* clause the testator *further willed and declared* that should any of his said seven children die intestate, whether in the testator's lifetime or afterwards, and leaving no issue living at the time of their death, or should his wife die intestate, then the share or portion of the one or ones so dying should survive to and vest. in the *surviving devisee,* share and share alike.                                          p. 332

In construing the will, it was held that the words "heirs, executors and assigns," were not controlling, in considering the meaning and effect of the third clause.                    p. 334

In the third clause the words of the testator, "I do further will and declare," were more than an expression of a wish, desire or direction, such as in a precatory trust.    pp. 333-334

The fee simple estates provided for in the first clause were, by the third clause, made determinable on the contingency of devisees dying intestate and leaving no issue living at the time of the death of the respective devisees.                    p. 337

Under such a will, the children of a deceased daughter of the testator take no share or interest in the share of a son of the testator who died intestate and without leaving issue.    p. 339

A remainder can not be limited after a fee simple.    p. 334

An executory devise may be limited after a fee simple, but in such a case the fee must have been made determinable on some contingent event.                    p. 337

*Decided June 28th, 1917.*

Appeal from the Circuit Court for Baltimore County. In Equity. (DUNCAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Harry S. Carver* and *Gerald F. Kopp,* for the appellants.

*Ralph Robinson* and *Edward H. Burke.* for the appellees.

*Thomas Mackenzie,* for the appellee committee.

BOYD, C. J., delivered the opinion of the Court.

The main question involved in this case is the proper construction of the residuary clause of the will of the late Augustus W. Bradford, a former Governor of this State. That clause is as follows:

. ."A.  I give and bequeath all the rest and residue of my property, real, personal and mixed, after the payment of any debts I may be owing at the time of my death, to be equally divided among my wife aforesaid and my said seven surviving children, to wit, Emeline K. Bradford, Jane B. Bradford, Augustus W. Bradford, Junior, Charles H. Bradford, Elizabeth Bradford, Thomas Kell Bradford and Samuel Webster Bradford, their heirs, executors and assigns, share and share alike.

"B.  I do hereby further direct and declare that so far as concerns the female devisees above mentioned the portions so devised to them respectively shall be for the sole and separate use of each of them and absolutely free and discharged from any interest or estate therein of any husband whom either of them may hereafter marry and in no way subject to his direction or control or liable for his debts or engagements.

"C.  I do further will and declare that should either of my said seven children included in the aforesaid devises die intestate, whether in my lifetime or afterwards, and leaving no issue living at the time of their death, or should my wife die intestate, then the share or portion of the one so dying shall survive to and vest in the surviving devisees aforesaid, share and share alike."

For convenience of reference we have marked those paragraphs in the residuary clause A, B and C, although those letters do not appear in the will. By prior provisions in his will the testator had left to his wife his house and lot on Eutaw Place, in the City of Baltimore, together with all the household furniture, linen, pictures and plate therein contained (excepting a set of plate described) for life, and after her death to pass into the residue of his estate and be with that residue equally divided as directed. He then made bequests to three of his sons of personal property and $50 to each of his three daughters and the same amount to his son Charles H.

Governor Bradford died March 1st, 1881, leaving a widow
and the seven children named in the residuary clause. Mrs.
Bradford (the widow) died December 27th, 1894, leaving a
last will and testament. Jane B. Bradford died unmarried
and without issue on February 27, 1905, but left a will;
Thomas Kell Bradford died July 14, 1906, intestate, unmar-
ried and without issue; Elizabeth Bradford married Thomas
McElderry, who predeceased his wife, and she died June 9,
1915, intestate, and leaving four children, all of whom are
of age except Sarah, and are parties to this bill; Charles H.
Bradford died January 6, 1916, intestate, unmarried and
without issue. Augustus W. Bradford, Jr., and Emeline K.
Bradford are still living and both are unmarried, and Sam-
uel W. Bradford is still living, but is married and has living
issue. The three living children of the testator claim the
estate left by Charles H. Bradford, while the children of
Mrs. McElderry claim they are entitled to a fourth interest
in it.

If paragraph A. stood alone, it could not be doubted that
the wife and seven children took the real estate in the resid-
uary clause in fee simple, and the entire personalty. Para-
graph B. tends to confirm that construction. The contro-
versy arises by reason of paragraph C. As Charles H. Brad-
ford died intestate and left no issue, it becomes necessary to
ascertain the effect, if any, of paragraph C. on paragraph A.

Paragraph C. was only intended to take effect in case of a
child of the testator dying intestate and leaving no issue. In
determining the effect of that paragraph it must be borne in
mind that it is clear that the testator intended to connect it
and paragraph B with paragraph A. Indeed, paragraph B
is relied on by the appellees in support of their contention.
It begins, "I do hereby further direct and declare," etc., and
then paragraph C, which immediately follows, begins, "I do
further will and declare," etc. It was evidently intended to
be something more than a mere expression of a wish, desire
or direction, such as is spoken of as precatory language. All

of those paragraphs were intended to be taken together in reference to the residuary devises and bequests, and, as we have seen, were not separated by the lettrs A, B and C.

It may be well to recall that the use of the words "their heirs, executors and assigns" in paragraph A is not controlling. In *Devecmon* v. *Shaw,* 70 Md. 219, 225, JUDGE ALVEY referred to what is section 327 of Article 93 of Annotated Code to show that the daughter took a fee simple in the real estate without the use of the words "to her and her heirs or to her in fee simple" and he said she also took the entire interest in the personalty, but, as we will see later, held that the fee simple was defeasible and the interest in the personalty was subject to the contingencies specified. So in *Anderson* v. *Brown,* 84 Md. 261, also referred to later, the devise was "to them and their heirs and assigns forever."

What effect then did paragraph C have on the devise and bequest given Charles H. Bradford by paragraph A? It is clear that there was no remainder, as a remainder can not be limited after a fee simple. *Hill* v. *Hill,* 5 G. & J. 87; 40 *Cyc.* 641; 24 *Am. & Eng. Ency. of Law* 380. But that is not so with an executory devise, and hence we must determine whether paragraph C was a valid executory devise, or made the estate given by paragraph A defeasible upon the happening of the contingencies specified.

In 11 R. C. L. under the article "Executory Interests," the subject is discussed under different heads. Section 16 of that Article on page 476 is on "Limitation Repugnant to Gift with absolute power of disposal." It is there said: "Indestructibility is an essential element of executory limitation, and an *unlimited power of disposition* in the first taker is clearly incongruous with this idea, being *ipso facto* a destruction of the executory limitation, whether the power is exercised or not. In this construction no distinction is made between goods and land, but if the primary gift vests in the first taker an *absolute interest in personal,* or an *absolute fee simple in real,* property, it exhausts the entire estate, so that there can be no valid remainder. Thus where an absolute

gift to a person is followed in the same instrument by a gift over in case of that person dying intestate, or without having disposed of the property, the gift over is said to be repugnant, and is void. When there is an absolute or unlimited devise or bequest of property, a subsequent clause expressing a wish, desire or direction for its disposition after the death of the devisee or legatee will not defeat the devise or bequest, nor limit the estate or interest in the property to the right to possess and use during the life of the devisee or legatee. The absolute devise or bequest stands, and the other clause is to be regarded as presenting precatory language. The will must be interpreted to invest in the devisee or legatee the fee simple title of the land, and the absolute property in the subject of the bequest. In the case of executory devises, the question whether the primary gift is in fee, so as to exhaust the entire estate, is in each case to be decided on a careful examination of the entire will, aided by legitimate extrinsic evidence, to ascertain the actual intent of the testator; which intent, when so discovered and made obvious, is controlling."

Section 17 of that Article is on "Limitation over after life estate with power of disposal." Section 18 is in reference to "Limitations tending to create perpetuities generally," and Section 19 as to "Limitations over on failure of issue." In the case of *Benesch* v. *Clark,* 49 Md. 497, relied on by the lower Court, it was held that Mrs. Bramble only took a life estate in the Monument street lots with the power of disposition and that the power was effectually executed by a deed of assignment. That case turned on the question whether there was a valid excution of the power. While it is true that the language of the power there was that the lots were to be disposed of as the life tenant might see fit at his decease, and the Court held that the execution of the power was not limited to a last will and testament, but the assignment of the leasehold property was valid, the Court did not hold that the power to dispose of the property by will necessarily includes the power to dispose of it by deed. As shown by the discussion of the cases cited by JUDGE ALVEY it de-

pends largely upon the language of the donor of the power. We do not understand the rule to·be as announced in the opinion of the lower Court that "A genuine power to dispose of an estate by will includes also a power to dispose of it by deed"—although such a power may be so worded as to include a power or disposition by deed. But this is not a case of whether a power has been validly exercised, but whether the limitation sought to be imposed is valid. There is not even an express power given to dispose of the property by will, although as one of the limitation is dying intestate, it must be inferred that the testator intended that the devisees could dispose of their interests by will, but it would be difficult to construe his language into a power to dispose of the property by deed. Of course if he left the real property in fee and the personalty absolutely, without any valid limitations, the devisees could convey the property by deed, or will as they saw proper, but that is not the question we are now considering.

Section 19 of 11 R. C. L. already referred to begins by announcing a rule which seems to be a very general one—that "It is well settled that while an executory limitation to take effect on a definite failure of issue in the first taker is valid, yet a limitation to take effect on a general or indefinite failure of issue is void." Most of the rest of that section is taken up with the discussion of what is a definite or indefinite failure of issue, but there can be no such question in this case. The will itself says, "leaving no issue living at the times of their death," and the Act of 1862, Chapter 161, now section 332 of Article 93 of the Code, provides that expressions such as "die without issue," etc., "shall be construed to mean a want ·or failure of issue in the lifetime or at the death of such person, and not an indefinite failure of his issue, unless a contrary intention shall appear by the will." A similar provision in reference to deeds is now in section 90 of Article 21. *Combs* v. *Combs,* 67 Md. 11, is one of the cases cited in the note to section 19 of 11 R. C. L. above referred to to show that in some States statutes have been passed. That

case is relied on by the appellees to show that paragraph C was invalid to affect paragraph A but there the property was devised to the devisees with full authority "to sell and convey the same in his lifetime, or to dispose of the same by last will and testament; but should he die without issue of the body lawfully begotten, and without having disposed of the same by sale, or by last will and testament, either in whole or in part, then I give and devise my said estate, both real and personal, or the part remaining as above undisposed of, to my cousins," etc. Of course, that limitation was held to be void, as the gift to the first taker was absolute and unqualified. It was there then said that an executory devise may be limited after a fee simple, but in such case, the former must be made determinable on some contingent event. In this case there was a fee, but it was determinable on the contingency of dying intestate and leaving no issue living at the time of the death of the devisee, "the share or portion of the one so dying shall survive to and vest in the surviving devisees aforesaid share and share alike."

In the case of *Anderson* v. *Brown,* 84 Md. 261, the testator left real estate to his wife so long as she should live or remain a widow, and at her death or marriage he left to his eight children named "the aforesaid real estate to them and their heirs and assigns forever, and in case of the death of any one of them without issue living at the time of his or her death, I do give and devise his or her share to the survivor or survivors and this principle of survivorship I do direct to apply to any and all accumulations by survivorship, not only to the original shares, but to all accretions by survivorship until the death of any and all of such children as may die without issue at the time of his or her death." It was there held, quoting from the syllabus for convenience, "1st. That the devisees took estates in fee, as tenants in common, defeasible as to each upon his or her death without issue, in which event the share of the persons so dying passed to the survivors, so that the last survivor took his estate including that

which survived to him in fee absolutely.   2nd.  That it was
not the intention of the testator that in the case of the death
of one child without issue, his share should go in part to the
issue of predeceased children, but nothing could pass to the
issue of a predeceased child except that which the parent
was entitled to at the time of his death.   3rd.  That the word
survivor as used in the will meant the survivors of the chil-
dren named as devisees, and did not include the issue of a
deceased child as a surviving line of heirs."   That case is as
nearly analagous to this as we could expect to find.

In *Devecmon* v. *Shaw, et al.*, 70 Md. 219, the opinion of
JUDGE ALVEY filed in the lower Court was adopted by this
Court.   The testator after providing for his wife, and after
making certain devises and bequests to his daughter without
limitations or restrictions, added the provision, "But in case
my said daughter should die without leaving any child or
children at the time of her death, or if leaving such child
or children, such child or all such children should die before
arriving at the age of twenty-one years, then all the real
estate and personal estate devised to my said daughter shall
go to my sister," etc.   It was held that "The daughter of the
testator took a fee simple estate in the realty, and the entire
interest in the personalty, defeasible as to both realty and
personalty on her dying without leaving a child, or if she
left child or children, upon their all dying before attaining
the age of twenty-one years, and upon the happening of such
contingencies, the ultimate devisees and legatees would take
by way of executory devise and bequest and not by way of
contingent remainder."   JUDGE ALVEY said in his opinion,
"Upon consideration of the whole context of the will, I can
entertain no doubt of the opinion, that the daughter was
intended to take, and that she does by fair construction take,
an estate in fee in the realty, and the entire interest in the
personalty, defeasible as to both realty and personalty, upon
the happening of the contingencies specified."   There are a
number of other cases decided by this Court to the same

effect and we are forced to the conclusion that under this will the children of Mrs. McElderry took no interest in the share of Charles H. Bradford left to him by his father's will.

It was said at the argument that in prior matters concerning the estate of Governor Bradford the appellants had concurred in the views now taken by the appellees, and proceeds of properties had been disposed of accordingly, but there is nothing in the record which would justify us for that reason in making the distribution now before us contrary to what we are of opinion the will and authorities require. We will, however, direct that the costs be paid out of the estate of Charles H. Bradford.

> *Decree reversed and cause remanded for further proceedings, in accordance with this opinion, the costs to be paid out of the estate of Charles H. Bradford.*