# SAMUEL W. BRADFORD *v.* ANNE McE. HEIGHE
## ET AL.
### [No. 26, October Term, 1932.]

*Decided December 1st, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Ernest Volkart,* with whom were *Samuel W. Bradford* and *Fred R. Williams* on the brief, for the appellant.

*William H. Harlan,* with whom was *Edwin H. W. Harlan* on the brief, for the appellees.

PATTISON, J., delivered the opinion of the Court.

The appeal in this case involves the proper construction of the residuary clause of the will of the late Augustus W.

Bradford, at one time governor of this state. The clause mentioned is divided into three paragraphs, which for convenient reference we will designate as paragraphs A, B, and C, as was done by Chief Judge Boyd in *Bradford v. Mackenzie*, 131 Md. 330, 332, 101 A. 774. The clause is as follows:

"A. I give, devise and bequeath all the rest and residue of my property, real, personal and mixed, after the payment of any debts I may be owing at the time of my death, to be equally divided among my wife aforesaid and my said seven surviving children, to wit: Emeline K. Bradford, Jane B. Bradford, Augustus W. Bradford, Junior, Charles H. Bradford, Elizabeth Bradford, Thomas Kell Bradford and Samuel Webster Bradford, their heirs, executors and assigns share and share alike.

"B. I do hereby further direct and declare that so far as concerns the female devisees above mentioned the portions so devised to them respectively shall be for the sole and separate use of each of them and absolutely free and discharged from any interest or estate therein of any husband whom either of them may hereafter marry and in no way subject to his direction or control or liable for his debts or engagements.

"C. I do further will and declare that should either of my said seven children included in the aforesaid devises die intestate, whether in my lifetime or afterwards, and leaving no issue living at the time of their death, or should my wife die intestate, then the share or portion of the one so dying shall survive to and vest in the surviving devisees aforesaid share and share alike."

The question as to the proper construction of this clause of Governor Bradford's will was first before this court in *Bradford v. Mackenzie, supra.* In that case, Charles H. Bradford, a son, one of the devisees, had died intestate and without children after the death of his father and after the death of his sister, Elizabeth McElderry, who died leaving children surviving her. The question presented was whether under the will of the testator the McElderry children took

the interest in Charles H. Bradford's estate to which their mother, Mrs. McElderry, would have been entitled had she survived him, or whether the whole of his estate was to go to the three surviving children of the testator.

In that case Judge Boyd, speaking for this court, said:

"If praagraph A stood alone, it could not be doubted that the wife and seven children took the real estate in the residuary clause in fee simple and the entire personalty. Paragraph B tends to confirm that construction. The controversy arises by reason of paragraph C. As Charles H. Bradford died intestate and left no issue, it becomes necessary to ascertain the effect, if any, of paragraph C on paragraph A.

"Paragraph C was only intended to take effect in case of a child of the testator dying intestate and leaving no issue."

After a full discussion by the court of the law relating to the question presented, the court said: "In this case there was a fee, but it was determinable on the contingency of dying intestate and leaving no issue living at the death of the devisee." As a result of so holding, the decree of the lower court, which gave to the McElderry children the interest their mother would have taken in the estate of her brother, Charles H. Bradford, had she survived him, was reversed and the case remanded for further proceedings.

Upon remand of the case to the lower court, a decree was passed by it, in effect directing that the estate of Charles H. Bradford be divided among the three surviving children of the testator, free from any right of survivorship under the contingencies of the will. An appeal was taken to this court from that decree. *Bradford v. Mackenzie,* 131 Md. 695, 104 A. 368. It was contended by the appellant in that case that, by the decree appealed from, the property or estate was wrongfully conveyed and transferred to the surviving devisees of the will of Augustus W. Bradford, without making it subject to the contingencies contained in the will.

In the case last mentioned, this court, in discussing this clause of the will, speaking through Judge Constable, said that, "if in default of issue, and the devisees neglected to make a will, the property would not go to his other heirs at

law, but should further descend to the surviving devisees of the testator."

It is asserted by the appellant in this case that this language of the court was unnecessary in deciding the question presented in that case; but whatever may be said of that contention, the view there expressed is in accord with the proper construction of this clause of the will.

In *Backus v. Presbyterian Assn.*, 77 Md. 50, 25 A. 856, 859, a case very much like the case under consideration, the testator, by the eighth clause of his will, devised the residue of his estate to his wife, and then, by the ninth clause, he devised as follows: "Should my wife die before me, and at her death after me, I devise and bequeath three-fifths of the said rest and residue of my estate to my daughter, Mary B. Backus. * * * Should she die before me and my wife, or die having no issue living at the time of her death, and without a will disposing of said three-fifths, then I devise and bequeath two-fifths of my daughter's said three-fifths to form a part of the residue of my estate for my grandchildren", naming them. "The other one-fifth he devised over to certain charitable and religious institutions named in the clause of the will." In construing this will the court said:

"Here the devise, by the ninth clause, is of three-fifths of the rest and residue of the testator's estate to his daughter. If the devise had stopped here, there could be no question of the estate taken by the daughter. She would have taken an absolute fee simple estate in the realty, according to established rules of construction. * * * But the general devise," is "qualified by what follows. The testator proceeds to declare: 'Should she die before me and my wife, or die leaving no issue living at the time of her death, and without a will disposing of said three-fifths, then I devise,' etc."

"These terms operate to render the estate created by the preceding general devise * * * defeasible. The dying without leaving issue living at the time of her death, and without disposing of the said three-fifths of the estate by will, are two events that must concur in order to defeat the preceding devise in fee * * * and give effect to the devise over. Upon

the happening of these two concurrent negative events, the devise and bequest over take effect as an executory devise and bequest. It is clear the testator intended to dispose of his entire estate, and did not intend to give to his daughter a mere life estate. If such had been his intention, he would certainly have expressed it."

The devisees, children of Governor Bradford, took a fee in the property or estate devised to them by paragraph A of the above clause of the will, which was to be defeated only upon the devisee dying intestate and leaving no issue living at the time of his or her death. Unless such contingency happened, the property was not to pass and vest in the surviving devisees. This contingency does not happen and the fee is not defeated unless there is a concurrence of the two events, dying intestate and dying without issue. It does not happen where the devisee dies testate leaving issue, but happens only when he or she dies intestate and without issue surviving.

Miss Emeline K. Bradford, one of the devisees, who was unmarried and without issue, did not die intestate, but died after disposing of her property by will to her nephews and nieces, children of her deceased sister, Mrs. McElderry, the appellees in this case. This, we think, she, under the will, was authorized and empowered to do, and the decree of the lower court so holding will be affirmed.

*Decree affirmed, with costs.*