WILSON G. DEETS *v.* ELNORA B. RIGGINS ET AL.

[No. 15, April Term, 1939.]

*Decided May 16th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Eldridge Hood Young,* with whom were *Young & Crothers* on the brief, for the appellant.

*William H. Harlan,* with whom was *Walter W. Preston* on the brief, for the appellees.

SHEHAN, J., delivered the opinion of the court.

Dr. David T. Benson died on May 31st, 1934, testate. He left surviving him his widow, Anna R. Benson, and three daughters, Elnora, Leona and Gladys. Leona married Wilson G. Deets, and Gladys married one Rampley, and after his death married B. Raymond Rehmoff, Elnora marrying one Riggins.

Mrs. Benson died on February 21st, 1925 and on November 15th, 1936, the daughter Leona died, leaving no children. She left a will in which she gave all her property and estate to her husband, Wilson G. Deets, the appellant. Dr. Benson in his will left all of his estate to his wife during her lifetime, and from and after her death his property was devised and bequeathed, one fourth to his daughter Leona, one fourth to his daughter Gladys, and the remaining one half to his daughter Elnora. Gladys has two children, Ann Isabel Rampley and Janet Street Rampley, infants, who were made parties to this suit.

The proper construction of the eighth paragraph of the will of Dr. Benson is the subject of the controversy in this case. It provides that: "Eighth: Should either of my daughters, Leona Deets or Gladys Rampley, die before my daughter Elnora Benson, and they leaving no children, then what share of my estate they received is to be given to my daughter Elnora Benson."

With respect to this section of the will of Dr. Benson, the appellant contends that the devise and bequest to Leona Deets gave to her a vested estate absolutely and in fee in one fourth of the estate of her father, and this passed to him under the will of his wife, and that her sister, Elnora Riggins, took no interest therein. The contention of the appellees is that this disposition of the estate gave a valid executory devise to Elnora Benson (Riggins) and upon the happening of the contingencies mentioned in the will, the interest of Leona ceased and her one fourth interest became the property of Elnora. The chancellor accepted that view, and from the decree, awarding the one fourth interest of Leona Deets to Elnora Riggins, Wilson G. Deets appealed. Therefore, the single question presented in the record is whether Leona Deets took a fee or absolute estate in the one fourth of her father's property, or did the eighth paragraph of the will create an executory devise to Elnora, vesting in her this one fourth interest upon the death of Leona Deets, leaving no children.

The law relating to devises of this character was laid down in the early case of *Dallam v. Dallam's Lessee*, 7 H. & J. 220, where it was said that, "An executory devise, unlike a remainder, needs no particular estate to support it; but no limitation can be good as an executory devise, unless it be on a contingency, that must happen, if at all, within a life or lives in being, and twenty-one [years] and a fraction of a year afterwards. And if it be limited in an event, which may not happen within the prescribed limits, as upon an indefinite failure of issue, it is void; for the possibility at its creation, that the event, on which it is made to depend, may not take place within the time allowed, vitiates it from the beginning, no matter how the fact turns out afterwards. Nor can any limitation be construed to operate as an executory devise, where consistently with the rules of law, and the intention of the testator (which when not contrary to law must always prevail), it may take effect as a remainder.

\* \* \* \* \* \*

"But wherever there are expressions in the will restricting the 'dying without issue' to a failure of issue, at the time of the death of the first devisee, or to some other time or event which must occur, if at all, within the time allowed for the happening of a contingency, in which an executory devise may be limited, there the first devise takes an estate in fee simple, and the limitation over is void as a remainder, but good by the way of executory devise—as if the words be 'without issue living at the time of his death,' or 'without issue living at a time specified.' These are rules, for the construction of wills, so well settled, and so long acted upon, as to have become maxims of the law that are not now to be questioned."

"That Richard Dallam and Josias Dallam each took an estate in fee in the premises respectively devised to them, defeasible by the event of his dying before he attained the age of 21, and without issue, but which became absolute on his arrival at the age of 21. And being a fee in its creation, the limitation over was void as a

remainder, though it would have been good by way of executory devise, if the contingency had happened on which it was made to depend."

In *Newton v. Griffith*, 1 H. & G. 111, the language used in *Dallam v. Dallam's Lessee* was reiterated. See also *Biscoe v. Biscoe*, 6 G. & J. 232, and *Hilleary v. Hilleary's Lessee*, 26 Md. 274. This statement of the law has been followed and approved in many later cases: *Combs v. Combs* 67 Md. 11, 13, 8 A. 757; *Devecmon v. Shaw*, 70 Md. 219, 16 A. 645; *Anderson v. Brown*, 84 Md. 261, 35 A. 937; *In re Banks' Will*, 87 Md. 425, 40 A. 268; *Bradford v. Mackenzie*, 131 Md. 330, 336, 101 A. 774; *Lumpkin v. Lumpkin*, 108 Md. 470, 70 A. 238; *Gladden v. Pocock*, 154 Md. 249, 140 A. 208. See also *Miller, Construction of Wills*, sections 239-245.

Thus there has been consistent approval of the doctrines laid down in *Dallam v. Dallam's Lessee, supra*, and *Newton v. Griffith, supra*, the opinions in both of which cases were written by Chief Judge Buchanan. This is the accepted rule in Maryland, and the limitations over to Elnora Benson (Riggins) are so stated or made as to take effect within the period or time allowed by law for the happening of the contingencies, that is, the dying of his daughter or daughters before his daughter Elnora, leaving no children, which are events that must happen within the time provided by the rule as above stated. We are, therefore, of the opinion that the construction of the chancellor placed upon this provision of the will of Dr. Benson ought to be approved and the decree of the lower court affirmed.

*Decree affirmed, appellant to pay the costs.*